WILLIAM B. PILLOW AND OTHERS V. GIDEON P. THOMPSON AND OTHERS.

Where a surety who had been duly cited, applied for an injunction against the judgment, on the ground that by contract between the plaintiff and the principal, judgment had been entered up with stay of execution for six months, without consent of the surety, who had made default, and recited that defendants had withdrawn their answers, whereby all errors were waived, and the surety prevented from reversing the judgment on error; it was held that the application came too late, under the statute, after six months from the rendition of the judgment, no excuse being shown for the delay.

Where the condition of an injunction bond was that the plaintiff should prosecute his suit to effect, and pay all costs which may be adjudged against him, and abide the decision of the Court, it was held not to be sufficient, because it omitted the words " sums of money and" before the word costs.

It is error to give judgment against the sureties in an injunction bond, for ten per cent. damages, on the dissolution of the injunction, where the bond is defective in not stating the condition of the payment of "all sums of money" that may be adjudged against him.

Error from Navarro. Tried below before the Hon. Henry J. Jewett.

The petition, filed March 10th, 1856, alleged that in June, 1854, plaintiff (who is also plaintiff in error) signed a note as surety for one Benjamin J. Fortson in favor of Gideon P. Thompson, administrator of James R. Thompson's estate; that said Gideon brought suit against said Fortson and petitioner, at the Spring Term, 1855, of said county; that petitioner employed no attorney to represent him; that without the consent of petitioner, said Benjamin J. Fortson entered into a contract with said Gideon to let judgment go by default against him, if the said Thompson would give a stay of execution for six months; that judgment was, at said Term, entered up against said Fortson and petitioner for $970 64, with stay of execution for six months; that neither petitioner nor any attorney employed by him, put in any answer to such petition, nor did he employ any one to do so; prayer for injunction and for general relief. Petitioner further represents that since the rendition of said judgment,

the said judgment has been distributed among the following heirs of the estate of James R. Thompson, viz: Gideon P. Thompson, J. J. Thompson, Mary Thompson and Walter Thompson, who are prayed to be made parties defendant.

The condition of the bond was as follows: "Now if the said Pillow shall prosecute his suit to effect, and pay all costs which may be adjudged against him, and abide the decision of said Court, then this obligation to be null and void." The bond was payable to Gideon P. Thompson, administrator of the estate of J. R. Thompson, deceased.

Plaintiff alleged in an amendment, that he never employed nor authorized any one to employ, any attorney to represent him in the original suit.

Defendants filed their answers, which are not now material, and moved to dissolve the injunction on the ground that the bond was defective in not being payable to all of the defendants, and that the condition of the bond was defective, and on the ground that petitioner had acquiesced in the judgment for more than twelve months.

The motion to dissolve was sustained, whereupon petitioner asked that the petition stand over for trial as an original suit, which was refused; and the Court dismissed the petition at the costs of petitioner and his sureties, and gave judgment against petitioner and his sureties for ten per cent. damages on the amount enjoined.

*W. H. Neblett,* for plaintiffs in error. The giving of a stay of execution on the judgment against Fortson, without the consent of the security, Wm. B. Pillow, released him. (See Gurtine v. Union Bank, 10 Rob. La. R. 412; Leading Cases in Equity, vol. 2, Pt. 2, page 382 and cases cited.)

The plaintiff could prove by parol evidence that he was but a security on the note sued upon in judgment sought to be relieved from. (Chitty on Contracts, p. 100, note 2; Cruger v. Burk, 8 Tex. R. 66.)

The recital in the judgment that the parties appeared by attorney and confessed judgment with stay of execution for six months, was untrue so far as Wm. B. Pillow, one of the sureties, was concerned; and he had a right to allege and prove this error, upon the same principle that a party can prove that he had no notice, when the judgment recites that he appeared. (See Aldrich

v. McKinny, 4. Com. R. 380; Starbuck v. Murry, 5 Wend. R. 148.) The Court had jurisdiction for the purpose of rendering judgment upon the petition, but this did not authorize the Court to grant a stay of execution without consent of parties. Plaintiff alleged that he did not consent to stay being granted, and thereby put in issue the jurisdiction of the Court for that purpose. The Court erred in rendering judgment against the plaintiffs in error, Robt. G. Leetch & J. A. Harland, the sureties on the injunction bond, because it did not conform to the statute and therefore was not binding upon the parties. (Lawton v. The State, 5 Tex. R. 270.)

The Court erred in giving ten per cent. damages against the plaintiffs in error, particularly the sureties on the injunction bond, for the reason already stated.

*J. R. Loughridge*, for defendants in error. Plaintiff should have attended Court at the commencement of the original action. The plaintiff had nothing to complain of, as it is evident that he assented to the judgment and it is presumed that he did so. (Wheeler v. Pope, 5 Tex. R. 262.) A party cannot obtain relief in a Court of Equity, for a matter he might have availed himself of at law. (1 John. Ch. 49.)

Roberts, J. This is a petition for injunction. It was excepted to on the grounds that the plaintiffs in error, who were parties to the judgment enjoined, acquiesced in the judgment more than twelve months, and that the bond is defective.

By the first ground defendants are understood to invoke the benefit of the provision of the statute concerning injunctions, which prescribes that "no injunction to stay an execution shall be granted but within six months after the judgment is obtained," &c. (Hart. Dig. Art. 1599.)

The petition shows that the judgment complained of was rendered at the Spring Term, 1855, of the District Court of Navarro county. The writ of injunction to stay the execution thereon was granted 18th day of February, 1856; which must have been more than six months from the rendition of the judgment. No facts are stated which excuse this delay; and therefore the Court did not err in dismissing the petition.

The injunction bond is defective in not securing the damages, according to the conditions prescribed in the statute. (Hart. Dig.

Art. 1601.) This would have been ground for dissolving the injunction, but not for dismissing the petition.

The Court, after dissolving the injunction and dismissing the petition, proceeded to give judgment for damages against the plaintiffs and their sureties on the injunction bond. This was erroneous, as the bond was defective and did not bind the sureties for damages, and that far the judgment below will be reversed; but as to the judgment of the Court dissolving the injunction and dismissing the suit it will be affirmed.

As this rendition of judgment for ten per cent. damages is assigned as error, the judgment will be reversed and reformed at the cost of defendants in error.