## RYALL v. GRIFFIN.

### (No. 2946.)

CONTINUANCE — DILIGENCE. — After answer filed and no diligence shown, it is not error to overrule application for continuance for non-joinder of parties; at this stage of the case such a proceeding is too late.

Opinion by QUINAN, J.

STATEMENT.— Griffin sued Ryall upon several notes, among others one for $2,186, gold, with ten per cent. interest from March 1, 1871, which is credited with $950. This note, it is alleged, was given for the purchase money of a tract of land described in his petition, and he prays a foreclosure of the vendor's lien and sale of the land in satisfaction thereof.

The defendant answered the general denial. At the second term of the court after service of the writ, he amended his answer, pleading several payment and offsets, and set up that plaintiff was indebted to the heirs of Giltner, who lived in Alabama, $461.25, for which they had a lien upon

the land; that he had written to them to send the note to some reliable attorney to intervene in this suit or accept service on a cross-bill, so that the respective equities of the parties might be adjusted and the sum due plaintiff be applied to the satisfaction of their lien, but they replied refusing to intervene or become parties to this suit. He further avers that if he is forced to pay plaintiff he will be in imminent danger of being forced to pay for said land twice.

The defendant filed an affidavit for a continuance, stating that the facts in his answer were substantially, if not literally, true; that it would be unjust to force him to trial without making the Meunshucers (Giltner's heirs) parties to the suit; and that if plaintiff recover a judgment against him foreclosing the lien on the land with the lien of the heirs of Jacob Giltner still outstanding, he will be placed in immediate danger of suffering irreparable injury. This application was overruled by the court.

The case was tried by the court, a jury being waived, and judgment rendered for the plaintiff for §819.30, and that the note sued on was given for part of the purchase money, and retains a lien on the land (describing it), and condemning the land to be sold to satisfy the said sum of §819.30, the same being due the plaintiff . . . as the purchase money of the land.

From this judgment the defendant, Ryall, sued out this writ of error. He assigns for error the action of the court in, 1. Overruling his motion for a continuance. 2. Refusing to make the heirs of Giltner parties. 3. Rendering judgment for the plaintiff. 4. Foreclosing the vendor's lien. 5. Adjudging both the notes to constitute a lien. 6. Ordering the land to be sold to satisfy a note not given for the purchase money. 7. That the judgment is excessive.

There is no statement of facts nor bills of exception except to refusal to continue the case, which appears by the entry on the minutes.

The defendant in error suggests that this appeal is taken for delay.

OPINION.— 1. It was not error to refuse to continue the cause; the application was made too late, and no reason shown why proper diligence was not used. But the application had no merit. For aught that appears Ryall bought the land with the incumbrance and with a warranty deed, and it is not shown that he is in danger of eviction, or that his vendor is not able to make good any loss he may suffer in consequence. If he feared injury on account of the outstanding debt to the Giltner heirs and circumstances entitled him to any larger relief than his warranty deed gave him, his remedy was to bring the money into court and perhaps demand further security. But he could not be permitted to delay the plaintiffs' case until he made publication and brought into court parties who resided out of the state and were unwilling to participate in the suit. Terrell v. De Witt, 20 Tex., 206.

2. The other assignments of error are not supported by the record. The judgment shows that the amount for which it was rendered was part of the note for the purchase money of the land, and doubtless the facts proven on the trial established that fact, and whatever other facts were necessary to support the judgment. It may have been shown that the defendant was entitled to no offsets, that there were no outstanding liens on the property, and that plaintiff owed the Giltner heirs nothing. There is no error in the judgment, but we think this writ of error was manifestly prosecuted for delay.

The judgment affirmed with ten per cent. damages.