SOUTHERN BAG & BURLAP COMPANY v. EWING BOYD, DISTRICT JUDGE.

No. 5921.   Decided May 16, 1931.
(38 S. W., 2d Series, 565.)

*Fulbright, Crooker & Freeman, W. B. Bates* and *John H. Crooker,* for relator.

If the order entered by respondent on March 16, 1931, and here complained of, is final in the sense that an appeal therefrom lies to the Court of Civil Appeals, then relator is entitled to a writ of mandamus requiring bond. See opinion in Yett v. Cook, 268 S. W., 715, and authorities there cited.

The application or bill for production of the books, records, etc.—even though it was filed in the original suit—was nothing more or less than a bill for discovery. Prior to the enactment of article 2002, Revised Statutes, 1925, the only mode of discovery available to a party to a suit in this state was that provided by statute, that is, taking the deposition, either oral, written or ex parte, of the other party. This was held to be true on several different occasions by the honorable court. See Cronin v. Gay, 20 Texas, 460; Love v. Keowne, 58 Texas, 195; Cargill et al. v. Kountze Bros., 86 Texas, 836, 22 S. W., 1015.

This question of appeal has been directly considered only one time by the appellate courts of this state. This was in the case of Samuels v. Finkelstein, 25 S. W. (2d) 923, and by the Court of Civil Appeals at Beaumont. *In that case it was directly decided that an appeal from such an order was available to the defendant.* The question presented was identical with the one at bar, except there it was apparent that all of the papers inquired about and desired were material. That case was also appealed from the same district court, but the order was not nearly so stern or rigid as is the order in our case.

If relator has no right to appeal from the order complained of, then it is entitled to have this honorable court issue a writ of mandamus requiring the respondent to vacate said order for the reason that said order violates a substantial right of relator in depriving it of all of its books, records, and correspondence, etc., necessary for carrying on its business and giving its competitor free access thereto with right to examine and make copies without restriction or supervision; that said order is wholly unreasonable and is a gross abuse of the discretionary power of respondent as district judge and to prevent same relator's sole remedy is an appeal to this court for mandamus.

Article 1733, Revised Statutes of 1925, provides: "The Supreme Court or any justice thereof shall have power to issue writs of *procedendo, certiorari* and all writs of *quo warranto* or mandamus agreeable to the principles of law regulating such writs, against any District Judge, or Court of Civil Appeals, or judge thereof or any officer of the State Government except the governor."

This court, in its decision in the case of Yett v. Cook, supra, said, "the doctrine that one of the objects of the writs of mandamus is to prevent the failure of justice where there is no established specified remedy has been adhered to by this court, citing Milligan v. City Council, 54 Texas, 388; Texas Mexican Railway Company v. Locke, 63 Texas, 623."

Ferris on Extraordinary Remedies at page 240 says, "that mandamus will lie even though the act complained of is discretionary where it is apparent that the discretion has been abused," and further says at page 245 that mandamus lies where legal rights are being denied and there are no other remedies, citing Hardy v. Hamilton, 204 S. W., 679.

Relator's records, as admitted by all parties in oral argument before this honorable court, were kept as are records of most concerns; that is, the invoice books, ledgers of all character and cash books of all kinds, and journals of all kind are well-bound books; and not only contain the data pertaining to transactions had with persons, firms and corporations in the territory in which King & Perkins claim to have made sales entitling them to commissions, but also throughout the United States—in fact, the order results in a call for, and a dispossession of this relator of, practically all of its records for a period of nearly five years or during practically the entire existence of the company. The records are all very valuable and such as the ledgers and journals relator religiously keeps in fireproof safes or vaults so as to prevent their destruction by fire, as the loss of same would be disastrous.

The order does not restrict itself to the books and records, etc., showing sales made by the plaintiffs in the original suit, nor does it exclude sales on orders coming direct to relator and for which King & Perkins admit that they would receive no commission, nor does it limit its inquiry to sales of the particular products covered by the broker's contract, but, includes sales of all products either handled or manufactured by relator. The order does not restrict itself to sales made in the particular territory in which King & Perkins claim their commissions, but includes all sales made to any person wheresoever located if they had an office or agency in the territory and without regard to whether King & Perkins had anything to do with the sale or not.

There have been cases where on filing of proper bill for discovery the court has required a production of books for examination of the adverse party under such restrictions and regulations as would insure the proper protection of the adverse party to see that none of his trade secrets and other matters not material are not scrutinized and examined, but nowhere have we found authority for a court of equity to require a production of books, records, etc., without regard to materiality and with the adverse party, his counsel and accountants given free right to scrutinize and make such copies thereof as they desire without reference to their materiality and unsupervised, or to require a dispossession of the party of all of its valuable records necessary for the conduct of its business and a deposit of same in the registry of the court, to remain until the trial of the case (and nobody knows how long) unless the court should later permit a withdrawal thereof. The very fact that no court has heretofore directed

that such things be done is of itself sufficient to show the unreasonableness of the order and that courts believe they have no such authority.

The writ of mandamus should issue because the order is contrary to the Fourth and Fifteenth Amendments to the Constitution of the United States, and also to section 9, article 1, of the Bill of Rights, set forth in the Constitution of the State of Texas, as it permits an unreasonable search and seizure of this relator's property, and is the taking of this relator's property and valuable property rights without due process of law.

*Lewis Fisher* and *Sewall Meyer,* for respondent.

Said order of the honorable district court of Harris county, Texas, is an interlocutory order, from which no appeal lies and no writ of mandamus, injunction, etc. can be used to effect an appeal where none is allowed by law. Texas Company v. Honacker, 282 S. W., 879 (In this case writ of error was denied); Smith v. Conner, 283 S. W., 1071, 84 S. W., 815.

The method adopted by the honorable district court in requiring the books and records containing the data and information relative to the issues joined in the pleadings to be placed in the registry of the court, subject to removal on the orders of the court, for the inspection by King & Perkins was a matter rightly within the discretion of the district judge. This order having been entered after a full and fair hearing and after all other methods, such as agreements, etc. had proved futile, the Supreme Court should not interfere with the discretion thus exercised by the district judge, especially since King & Perkins have an interest in the matters reflected in said books and it being the only way that the testimony in this case can be properly presented. Rush v. Browning, 132 S. W., 763; De Poyter v. Baker, 34 S. W., 106; Ralls v. Ralls, 256 S. W., 696; Milam County v. Bass, 163 S. W., 577; Jefferson v. Scott, 135 S. W., 705; Lorraine v. Ashe, 191 S. W., 563; McDowell v. Hightower, 242 S. W., 753.

Mandamus is founded only upon a clear legal right in relator. It affirmatively appearing that relator has no such clear legal right to the relief asked for and it further appearing that King & Perkins have the legal right to examine said books, the motion for permission to file petition for writ of mandamus should be denied. Erp v. Robison, 155 S. W., 180; Jefferson v. Scott, 135 S. W., 705; Coultress v. San Antonio, 179 S. W., 515; Navarro v. Tullos, 237 S. W., 982; First National Bank v. Chapman, 255 S. W., 807.

It not appearing that the Honorable Ewing Boyd is under a plain and unambiguous duty to approve said supersedeas bond or to do other things asked for in relator's petition for writ of mandamus, relator's motion for permission to file petition for writ of mandamus should be denied. Caven v. Coleman, 101 S. W., 199.

Relator seeks to require the Honorable Ewing Boyd to do and per-

form acts not incumbent upon him under any existing legal duty, therefore relator's motion for permission to file petition for writ of mandamus should be denied. Missouri, K. & T. Ry. Co. v. Thompson, 118 S. W., 618.

In order for this court to determine that the order of the Honorable Ewing Boyd is so unreasonable as to constitute an abuse of discretion it would be necessary for this court to hear and determine the facts heard by the Honorable Ewing Boyd. This court, being without power to determine facts, should not assume that a district court has abused its discretion. Oldham v. Terrell, 104 S. W., 1040; Lauraine v. Ashe, 191 S. W., 563; Wright v. Swayne, 140 S. W., 221; Milam County v. Bass, 163 S. W., 577.

MR. COMMISSIONER CRITZ delivered the opinion of the court.

This is a mandamus proceeding brought by Southern Bag & Burlap Company, a corporation, hereinafter designated relator, against the Honorable Ewing Boyd, judge of the district court of the 58th judicial district of Harris county, Texas, hereinafter designated respondent. It seems from the record before us that King and Perkins, hereinafter designated plaintiffs, sued relator in the district court of Harris county, Texas, for an alleged indebtedness due by relator to the plaintiffs.

We gather from the record in the instant proceeding that in the suit above referred to the plaintiffs are suing relator for certain commissions alleged to be due them by relator on the sale of certain products manufactured and sold by relator. The claim for commissions is based upon an alleged written contract dated March 20th, 1926, wherein plaintiffs are made the agents of relator to sell certain products belonging to it in a certain designated territory. It is alleged by the plaintiffs that they have in all things complied with the contract, but that relator has failed and refused to pay them the commissions earned thereunder.

It is also alleged by plaintiffs that relator is in possession of all books and records containing all information relative to such sales, and showing the amount of commissions earned by the plaintiffs, and that plaintiffs have no records of such sales, or means of showing the items and amount of commissions earned by them except the books and records of the relator. It is also alleged that it was the duty of the relator, under the contract, to keep such books, records and data for the mutual benefit of both the plaintiffs and the relator, and that only the relator could have made or kept a record of such sales. In this connection it is alleged that the relator at all times understood that it was being depended upon by plaintiffs to keep a complete and accurate account of all such sales.

Plaintiffs also alleged in their petition certain sales upon which plaintiffs were entitled to commissions, and further alleged that by reason of the failure and refusal of relator to permit plaintiffs to see the records of sales made by relator plaintiffs are unable to state more in detail the

names, addresses, parties or persons so purchasing the products of relator, or the dates of such purchases. It is also alleged that the plaintiffs have made demand on relator for an accounting with reference to the sales on which plaintiffs are entitled to commissions, but that the relator has refused to give them any information with reference to such sales or to make any such accounting.

It is also shown that after the filing of the suit in the district court, and after the service of citation therein, and after relator had answered, the attorneys representing the plaintiffs made various efforts to get the information and data with reference to the sales above mentioned. Also they made various efforts to take the oral deposition of the relator's officers, agents and bookkeepers. In this connection it is shown that various efforts have been made to get access to the books of the relator by having them brought before a notary public and otherwise. All of these efforts have ended in failure.

In this condition of affairs the plaintiffs filed in the district court of Harris county, Texas, in the original cause of King and Perkins v. Southern Bag & Burlap Company, the following application:

"Comes now the plaintiffs C. C. King and M. R. Perkins, doing business under the name and style of King & Perkins, and represents to this Honorable Court as follows:

"That they have heretofore and since the institution of this suit attempted by agreement of parties through their respective Attorneys of Record to take the Depositions of certain witnesses in this case, to-wit: J. M. Johnson and B. Bateman. That heretofore, to-wit: about the middle of February, 1931, and subsequent to the filing of this suit Counsel for Plaintiffs approached Counsel for Defendant Southern Bag & Burlap Company and advised them that they desired to take the Depositions of the witnesses hereinbefore named and that they would need present at the taking of said Depositions certain books and records of the Defendant Company which Counsel for Plaintiff described to Counsel for the Defendant.

"That Counsel for the Defendant consented to the taking of said Depositions by agreement and it was decided between Counsel for plaintiff and defendant that it would therefore not be necessary to issue a Commission for the taking of said Depositions since Counsel for Defendant agreed to have present at the taking of said Depositions the witnesses above named, together with the books, records, etc., above referred to. That Counsel for Plaintiffs, in order to prevent any error or mistake being made as to the papers, books, records, etc. which they desired to have present at the taking of such Depositions, wrote Defendant's Counsel letters setting forth the papers, books, records, etc. needed at the time and place of the taking of the Depositions.

"That after several efforts to agree upon a convenient date for the

taking of said Depositions Counsel for both parties finally agreed upon March 2, 1931, at 2 o'clock P. M. in the office of Fulbright, Crooker & Freeman in the State National Bank Building, Houston, Texas.

"That a few hours before the time so fixed for the taking of said Depositions one of Plaintiff's Counsel, to-wit: Lewis Fisher, called on the telephone one of Defendant's Counsel, to-wit: J. H. Crooker and asked if everything would be in readiness at 2 P. M. on March 2nd, 1931, to take said Depositions as agreed. The said Crooker replied that it would be. Counsel for Plaintiffs, relying upon said agreement and believing that Defendant's Counsel had made said agreement in good faith, and that they intended to comply therewith did appear, together with their clients and the Notary Public theretofore agreed upon, at the office of Fulbright, Crooker & Freeman in the State National Bank Building at 2 P. M. on March 2nd, 1931, ready and prepared to take said Depositions under said agreement.

"That after Plaintiffs, the Notary Public and Plaintiffs' Counsel were seated in the offices of Fulbright, Crooker & Freeman and after all preparations had been completed for the taking of said Depositions by agreement, one of Defendant's Counsel, to-wit: W. B. Bates, for the first time then stated to Plaintiff and to Plaintiffs' Counsel that they as Attorneys for the Defendant Southern Bag & Burlap Company had decided to decline to produce any of said books, papers, records, etc., above referred to for the purpose of being used in connection with the taking of said Depositions.

"That said Bates further stated that the books and records above referred to had been turned over to some Auditor whose name he declined to disclose. The said Bates did not state the purpose or reason for said books, records and papers being delivered to said Auditors.

"Thereupon Plaintiffs' Counsel remonstrated with the said Bates, stating he should at least have advised them at an earlier date if he did not intend to comply with his agreement and thereby saved Plaintiffs Counsel and the Plaintiffs from being placed in this situation and position.

"The said Bates then stated that they as Counsel for the Defendant did not think that Plaintiffs had any right to either see or examine said books, records, papers, etc. or to use them for any purpose in connection with the trial of said case or the taking of said Depositions and the said Bates further stated that they could not then or at any future time produce said books, records, papers, etc. either at the trial of this case or before any Notary Public taking testimony in this case. Said Bates further stating that they would not produce said books, records, papers, etc., before any Notary Public even though Subpoena Duces Tecum was served, giving as his reason therefor that in his opinion the Plaintiffs' pleading was not sufficient to sustain any Notary Public in the issuance of such Subpoena.

"That after the failure to have said Depositions taken by agreement

Plaintiffs thereafter, through their Attorneys of Record, served the Defendant Southern Bag & Burlap Company and its Attorneys of Record, Fulbright, Crooker & Freeman with notice of their intention to take the Depositions in this case of certain witnesses whose names were set out in said Notices. That the following is a substantial copy of the notice so served on Defendant and its Attorneys, to-wit:

" 'March 3, 1931.

" 'Fulbright, Crooker & Freeman,
" 'Attorneys of Record for Southern Bag & Burlap Company,
" 'Houston, Texas.
" 'Gentleman:

" 'You are hereby notified that in Cause No. C-191,746, styled King & Perkins v. Southern Bag & Burlap Company pending in the District Court of Harris County, Texas, for the 61st Judicial District, the Oral Depositions of the witnesses N. D. Anderson, W. L. Clayton, C. E. Shipp, J. V. Scott, J. M. Johnson and D. Bateman will be taken by King & Perkins, Plaintiffs in the above styled and numbered cause before Gavin Ulmer, a Notary Public in and for Harris County, Texas, at ten O'clock on March 18th, 1931, in Suits Number 1100, Room No. 1103 of the Scanlan Building, which Building is situated at the corner of Main Street and Preston Avenue in Houston, Texas.

" 'You are further notified that request for a Commission to take these Depositions will be made in due and legal time.

" 'Yours very truly,
" 'Signed: LEWIS FISHER
" 'Signed: SEWALL MYER
" 'Attorneys for Plaintiffs, King & Perkins.'

"That a like notice was served upon the Southern Bag & Burlap Company, Defendant herein. That said Notices were served upon the Defendant and its Attorneys of Record in March 3, 1931, as is shown by the return of the Constable on the back of said notices.

"Plaintiffs further represent that they are making request upon the Clerk of this Court for the issuance of a Commission to take the depositions of the witnesses named in the said above referred to Notice and that upon the issuance of said Commission the same will be placed in the hands of Gavin Ulmer, a Notary Public in and for Harris County, Texas, for the purpose of taking said Depositions.

"Plaintiffs further say that they are informed and believe and so allege the fact to be that said witnesses, all of whom are agents, officers or employees of the Defendant Corporation or the owners or in control of Defendant Corporation will decline and refuse to produce before said Notary Public for examination or for use in connection with the taking of the testimony of said witnesses the hereinafter described books, records, correspondence, etc. That all of said books, records, correspondence, etc.,

are necessary and useful in the taking of said Depositions and without which books, records, correspondence, etc. the testimony in this case cannot be properly taken or the facts and evidence in this case properly and fairly developed before this Court.

"That these books and records contain or should contain information, data and facts necessary to a fair and proper decision of this case by this Court. That said records, books, correspondence, etc. are or should be in the possession of the Defendant Corporation or its Agents, servants or employees.

"That these records were prepared and kept by the Defendant Corporation and are so far as these plaintiffs know and believe, the only books, records, correspondentc, etc. that contain or should contain all of the data and facts necessary and proper to the development of the evidence and facts in this case.

"That the defendant, under the facts pleaded in this cause, owes to the Plaintiff the duty of fully and fairly disclosing all evidence, testimony and facts in connection with the matters pleaded in Plaintiffs' Petition herein. The Plaintiffs say that instead of making a full and fair disclosure of these facts the Defendant, its agents, servants and employees are unfairly and fraudulently, for the purpose of concealing the real facts and evidence in this case and for the purpose of interfering with the proper disposition of this case, refusing and failing to disclose said facts and evidence and they seek to cover up and conceal the facts and evidence which equity, honest dealing, fairness, good conscience and the proper proceedings in this case demand of said Defendant, its agents, servants and employees— Plaintiffs further say that said Defendant, its servants, agents and employees should disclose all of these matters to Plaintiffs, certainly under the proper process provided by law but Plaintiffs say that they are seeking to conceal all of said facts and the evidence, in an effort to prevent full and fair justice being done to these Plaintiffs in this case.

"Plaintiffs say they have reason to believe and do believe that the servants, agents and employees of Defendant will either destroy some or all of said books, papers, records, etc. or remove them without the jurisdiction of this Court.

"Plaintiffs further say that said books, records, correspondence, etc. are voluminous, complicated and technical. That to properly analyze said books, records, etc., and to determine the true facts reflected by them which bear upon, cover and embrace the facts and evidence in connection with the matters involved in this case will require a careful, complete and full examination of said records, books, correspondence, etc., by Plaintiffs and by Plaintiffs' attorneys and by Plaintiffs' Accountants, prior to the trial of this Cause.

"That said examination of said books, records, correspondence, etc. by Plaintiffs, their Attorneys and Accountants is also necessary before the

taking of the Depositions above referred to, in order that the testimony and facts in this case may be fairly, properly and clearly developed by said Depositions.

"That said books, records, correspondence, etc. above referred to are more particularly described as follows: (Here follows description.)

"WHEREFORE the above premises considered Plaintiffs pray that notice be served upon the Defendant to appear before this Court on the _____day of March, 1931, at nine o'clock A. M. and answer this Application. Plaintiffs further pray that a hearing of this Application be had at said hour on said date and that upon a hearing of this Application that an Order be entered by the Court in this Cause commanding and requiring the Defendants and its agents, servants and employees, including C. E. Shipp, J. M. Johnson, W. L. Clayton, M. D. Anderson, J. V. Scott and D. Bateman to produce at such time as may be fixed by the Court prior to the taking of said Depositions each and all of the books, records, correspondence, etc. hereinbefore referred to and to deliver the same to O. M. DuClos, Clerk of the Court, so as to permit Plaintiffs, their Counsel and Accountants to inspect and examine the same and to make such copies thereof as they deem proper. Said books, records, correspondence, etc. hereinbefore described to remain in the possession of the Clerk of this Court until the trial of this Cause unless same are removed from his possession upon the Order of this Court.

"Plaintiffs further pray that an Order be entered by this Court requiring the Clerk of this Court upon request of any Notary Public in Harris County, Texas, taking any Depositions in this case to produce said portion of said books, records, correspondence, etc. above referred to that may be in his possession, before said Notary Public at the time and place where said Depositions are to be taken and which time and place is set forth in any notice or subpoena issued by said Notary Public to said Clerk.

"Plaintiffs further pray that an Order be entered by this Court requiring and commanding the Defendant Southern Bag & Burlap Company, its agents, servants and employees to produce before Gavin Ulmer, a Notary Public of Harris County, Texas, on March 18th, 1931, at ten o'clock A. M. in Room 1103 of Suite 1100 of the Scanlan Building in Houston, Texas, which Building is located at the corner of Main Street and Preston Avenue, and at such other times and places in Harris County as may be fixed by said Notary Public, for the taking of Depositions in this Cause, the books, records, correspondence, etc. hereinbefore referred to, and permit the same to be used in the taking of the Depositions of either and all of the witnesses C. E. Shipp, J. M. Johnson, W. L. Clayton, M. D. Anderson, J. V. Scott and D. Bateman and/or either of them."

On the filing of the above application the respondent herein, who is judge of the court in which said cause is pending, entered the following

order: "The above application of C. C. King and N. R. Perkins plaintiffs in Cause No. C-191,746 on the docket of the 61st Judicial District Court of Harris County, Texas, styled King & Perkins v. Southern Bag & Burlap Company having been presented to me and after due consideration of the same it is ordered that the Clerk of this Court issue a Citation to the Defendant Southern Bag & Burlap Company commanding it to appear before me on March 14th, 1931, at nine o'clock A. M. and answer said Application, showing cause, if any, why said Orders should not be entered by this Court in said Cause as prayed for by Plaintiffs."

Due notice was issued on the above application and order, and on March 16th, 1931, the above application came on for a hearing before the respondent, at which hearing plaintiff and the relator appeared by their attorneys, and after a full hearing on said application, the respondent, as judge of the court aforesaid, entered the following order:

"Be it remembered that on this the 16th day of March, A. D. 1931, came on to be heard the application of C. C. King and M. R. Perkins, doing business under the name and style of King & Perkins, for an order of this Court requiring the Southern Bag & Burlap Company, a Corporation, to produce before Gavin Ulmer, a Notary Public in and for Harris County, Texas, the hereinafter enumerated books, records, correspondence, documents, etc., and for an order requiring the Southern Bag & Burlap Company to deposit those books, records, etc. in the registry of this Court, for the purpose of examination being made thereof by the Plaintiffs, their attorneys and Auditors and it appearing to the Court that due and legal service of the hearing on this Application having been made on the Defendant Southern Bag & Burlap Company, a corporation.

"When on the day and date aforesaid Plaintiffs and Defendant Southern Bag & Burlap Company duly appeared in this Court by and through their Attorneys of Record and the Court having heard and fully understood said Application and being fully advised in the premises of the opinion that the Plaintiffs are entitled to the relief therein prayed for;

"Now, therefore, it is considered by the Court and so ordered, adjudged and decreed that the Southern Bag & Burlap Company, its agents, servants and employees be and they are hereby ordered, commanded and required to produce before Gavin Ulmer, a Notary Public in and for Harris County, Texas, at 10 A. M. on the 18th day of March, A. D. 1931, at Room 1103 of Suite 1100 of the Scanlan Building located at the corner of Main Street and Preston Avenue in the City of Houston, Texas, the following books, records, correspondence, documentc, etc. to be used for the purpose of examining certain witnesses, to-wit: J. M. Johnson, B. Bateman, C. E. Shipp, J. V. Scott, M. D. Anderson and W. L. Clayton.

"Said books, records, correspondence, etc. above referred to are more particularly described as follows: (Here follows description.)

"It is further considered by the Court and so ordered, adjudged and decreed that the Southern Bag & Burlap Company, its agents, servants and employees be and they are hereby required, commanded and ordered on or before the 20th day of March, A. D. 1931, to deliver the books, records, correspondence, documentc, etc., hereinbefore set forth to O. M. DuClos, Clerk of this Court, for the purpose of permitting Plaintiffs, their Counsel and Accountants to inspect and examine the same and to make such copies thereof as they deem proper, said books, records, correspondence, etc. to remain in the possession of the Clerk of this Court until the Trial of this Cause unless same are removed from his possession upon the order of this Court.

"It is further considered by this Court and so ordered, adjudged and decreed that the Southern Bag & Burlap Company, its agents, servants and employees be and they are hereby ordered, required and commanded to produce before any Notary Public in Harris County, Texas, duly commissioned to take depositions in this case, all of said books, records, correspondence, documents, etc. hereinbefore set forth, upon the day and time and at the place fixed in any subpoena Duces Tecum which may be issued by any such Notary and served upon the defendant as required by law.

"It is further ordered, adjudged and decreed that a copy of this Order be served upon the Defendant Southern Bag & Burlap Company.

"To the entering of this Order the Defendant in open Court excepted and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District at Galveston."

At the time the above order was made relator duly excepted and gave notice of appeal to the Court of Civil Appeals. Also relator took all proper steps, if it is entitled to it, to have respondent fix the amount of a supersedeas bond for such appeal, which respondent refused to do. Later relator filed appeal bond which was approved by the district clerk. It seems that thereafter the relator sought a writ of mandamus from the Court of Civil Appeals at Galveston, to compel the respondent to fix the amount of the supersedeas bond. This was refused by the Court of Civil Appeals on the ground that no appeal would lie from the above order.

After the happening of the above transaction, the relator applied to the Supreme Court for permission to file petition for mandamus against the respondent to compel the respondent to enter an order fixing the amount of a supersedeas bond to be given by relator to suspend the above order, and in the alternative to have the Supreme Court vacate the order.

The Supreme Court, on presentation of the motion to file the petition, for mandamus, referred the matter to this section of the Commission. On due notice all parties interested, plaintiffs, relator and respondent have appeared and answered, and presented oral arguments, and written briefs to the end that the questions presented may be fully determined and

adjudicated both as to the right to file the petition for mandamus, and the final disposition thereof if permitted to be filed.

It is clear that the order above set out is purely interlocutory and therefore not appealable. Texas Co. v. Honaker, 282 S. W., 879 (Civ. App., Writ Refused). It follows that the respondent properly refused to fix the amount of the supersedeas bond.

The record discloses that a full hearing was had on the application filed before respondent, and that both plaintiffs and relator, with their counsel, fully participated in such hearing. We must therefore presume in favor of the order that the evidence heard on the application fully sustained the allegations contained in the application.

It is the settled law of this state that respondent had jurisdiction in the premises to make a proper order to the end that plaintiffs might get the information here sought from the books and records of relator, and this court will not interfere unless there is an abuse of the trial court's discretion. Rush v. Browning, District Judge, 103 Texas, 649, 132 S. W., 763. 765.

We have carefully considered this record, including the very able briefs and oral arguments presented by counsel on both sides, and have reached the conclusion that the order made by respondent is, in the main, authorized, and within his power and discretion to make. According to the record, and the allegations of the application, which we must take as true, plaintiffs had made every reasonable effort to obtain the information contained in the records and books of the relator bearing on the issues of the litigation, and had failed to obtain the same. Also according to the application it was the duty of relator to keep a record of the sales involved, and give the plaintiffs the benefit thereof. If they so mixed and mingled this record with their records in other respects that the plaintiffs have to go through the other records to get the information sought relator cannot complain because it brought about the condition.

The application discloses that plaintiffs are entitled to commissions on certain products sold by relator in a certain territory. It also shows that it was the duty of relator to keep books and records involving such sales. This being the case, the plaintiffs are clearly entitled to inspect the records of such sales under the rule announced by Judge Brown in Rush v. Browning, supra, wherein it is held: "In the case of Veiller v. Oppenheim [75 Hun, 21, 26 N. Y. S., 1051], cited above, the court said: 'Where such relation is admitted, as in this case, whether such relation constitutes the plaintiff a partner, or a principal bringing business to the firm, or an employe entitled to a share of the profits, or a co-worker with them in the general business, we think, as argued by the respondent, that so long as the plaintiff, in one manner or another, was entitled to a portion of the proceeds of the common venture,' a prima facie case is presented entitling those interested in that venture to an inspection, where

necessary, of the books of account containing a record thereof, and to all the information that can be derived from them, and it is only where it is apparent that the application is made in bad faith that such inspection should be denied."

We have carefully examined the order in question and while we think it correct in the main, we are inclined to the view that it presents an abuse of discretion and should be modified in the following particulars:

(a)  That portion of the order which permits plaintiffs, their counsel and accountants to make such copies of the relator's books, records, etc., as they deem proper, should be modified so as to only allow them to make copies of such records as bear on the litigation.

(b)  That portion of the order which requires that the relator's records shall remain in the possession of the court until the trial of the cause, unless removed by order of the court, should be modified so as to return such records to the relator immediately when the examination is completed and the depositions taken, to be kept by the relator within the jurisdiction of the court so that they can be had at the trial of the cause.

(c)  The order should provide that the relator be given an opportunity to have a representative present at all times while said records are being examined, and

(d)  The respondent should retain active jurisdiction and supervision so that he may, at all times during the taking of the depositions and examination of the records, see that his order is not abused or disobeyed.

We therefore recommend that the relator be permitted to file the petition for mandamus and that the mandamus be in part granted and in part refused as above indicated.

The opinion of the Commission of Appeals is adopted, and mandamus awarded, as recommended by the Commission of Appeals.

C. M. CURETON, Chief Justice.