**B & R COMMUNICATIONS, et al., Relators,**

v.

**Honorable Ebelardo LOPEZ, Judge, Respondent.**

No. 07–94–0316–CV.

Court of Appeals of Texas, Amarillo.

Dec. 29, 1994.

Rehearing Overruled Jan. 24, 1995.

Smith Somerville & Case, Brett L. Antonides, Washington, DC, Peterson Farris Doores & Jones, Bart N. Pruitt, Amarillo, for relators.

Underwood, Wilson, Berry, Stein & Johnson P.C., Richard F. Brown and Don M. Dean and D. Lynn Tate, Garner Lovell & Stein, Robert E. Garner, Amarillo, for respondent.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

## OPINION

REYNOLDS, Circuit Judge.

The question presented in this original mandamus proceeding is whether general partners in a cellular telephone business are entitled, under their right to inspect partnership records, to discover information concerning the partnership's pending litigation from the managing executive committee. Answering the question in the affirmative, we will conditionally issue a writ of mandamus to rectify respondent's denial of discovery.

All of the partners, who previously were strangers seeking to maximize the chance of winning a cellular license for the Amarillo market in a lottery, agreed to form a partnership in the event one of their numbers won the license in the lottery. One of them, Kenneth H. Iscol, won, and the partnership, named Amarillo CellTelco d/b/a Cellular One

of Amarillo, was formed as a District of Columbia general partnership.

Although the partnership agreement specified that it and the rights of the parties would be governed and enforced in accordance with the laws of the District of Columbia, the agreement itself departed in some respects from the Uniform Partnership Act as adopted by the District of Columbia and the State of Texas. By the agreement, the partner winning the license would own a specified majority interest in the partnership. Paragraph 5.3 of the agreement provided that "complete and exclusive power to conduct the business affairs of the Partnership is delegated to the Executive Committee of the Partnership," consisting of at least three but no more than seven members. Paragraph 6.4 granted each partner the right of inspection in these words:

> Each Partner shall have the right, at its own expense, to examine and inspect, at reasonable times during business hours, the books, records, accounts, properties, and operations of the Partnership. Such examination and inspection may be conducted by the Partner or its authorized agents. However, such examination or inspection shall not unreasonably interfere with the operation of the Partnership or the System.

Paragraph 11.1 addressed the matter of confidential information in this language:

> Without the prior written consent of the Executive Committee, no Partner or Partner affiliate shall assign, transfer, license, disclose, make available, use for personal gain, or otherwise dispose of any patents, patent rights, trade secrets, customer lists, proprietary information, or other confiden-

tial information of the Partnership ("Protected Information"), whether or not the information is designated as confidential.

The agreement further provided, in Paragraph 11.2, that nothing contained in it "shall restrict any Partner or Partner affiliate from engaging in any business outside of and independent from the Partnership."

The action underlying this proceeding was initiated by minority partners against Kenneth H. Iscol and entities owned or controlled by him—*viz.*, West Texas Cellular Telephone Company, Inc.; Messages by Radio, Inc.; Panhandle Cellular Investment Limited; KI Management Corporation; and Zackiva Communications Corp.—the real parties in interest. One of the parties, Panhandle Cellular Investment Limited, a Texas limited partnership, owns 68% of the partnership. The real parties in interest remaining in the litigation will be collectively referred to as Iscol.[1] The minority partners sought redress for Iscol's alleged material breaches of and defaults under the partnership agreement, including, in brief, the use of partnership funds to engage in predatory litigation incurring significant legal expenses to the minority partners' pecuniary disadvantage.

The minority partners who remained as party plaintiffs in the litigation and have pursued this mandamus proceeding as relators are B & R Communications and others.[2] These partners own approximately 22% of the partnership and will be collectively referred to as B & R Communications or relators. Employing discovery, B & R Communications sought all records pertaining to litigation commenced or threatened by or against the partnership, including correspon-

---

1. Former defendant Messages by Radio, Inc. has been dismissed from the litigation and, therefore, is not a party to this mandamus proceeding.

2. The other general partners who remained as party plaintiffs and joined as relators are Bill R. Britt; Rita Capobianchi; Cellular Connection II, Inc.; Channel Communications; Cotton Communications Corporation; Lowell E. Ferguson; Kent S. Foster; Elizabeth L. Garrett; Inner–Ad, Inc.; J & J Celcom; Autophone of Laredo, Inc.; Miller Communications, Inc.; Annie Mirgon, trustee of the Frank H. Mirgon Trust; Michael A. Mitchell; M–Y Communications; William M. Younger, II; Robert G. Munger; North American

Cellular Partnership; Herbert Regenstrief; Satsum Cellular Associates; SCG Cellular, Inc.; Trump Communications, Inc.; USCIC of Amarillo, Inc.; WM Cellular Associates III; and Worldwide Equities, Inc. Although Western Cellular Management, Inc. was named as a party plaintiff and relator, it has been dismissed as a litigant and is not a party to this proceeding. Not named as party plaintiffs in the live trial pleadings, but joining as relators are Wirt A. Yerger, III and Crown Communications Corporation, successor to Cotton Communications Corporation.

dence to or from attorneys that related to the litigation. By compliance with the discovery request, Iscol furnished the records requested with regard to litigation, except for correspondence and the files of the partnership's attorney pertaining to pending litigation. One of the pending causes originated in the United States District Court for the Northern District of Texas as Cause No. 2:92–CV–087–J, styled *Amarillo CellTelco v. Dobson Cellular Systems, Inc.* and Texas RSA No. 2 Limited Partnership, in which the partnership recovered more than $700,000 in damages and attorney's fees from Dobson Cellular Systems, Inc., but failed to recover from Texas RSA No. 2 Limited Partnership. An appeal from the judgment has been taken to the Fifth Circuit Court of Appeals.

B & R Communications petitioned the district court to compel Iscol to produce the documents requested. Following a hearing, and without viewing the documents, the Honorable Ebelardo Lopez, Judge of the 108th District Court of Potter County, who is named as respondent in this mandamus proceeding, signed an order which granted some discovery, but, as material to this mandamus proceeding, denied the request for production of documents in litigation that has not been concluded.

■ When relators moved for leave to file their petition for writ of mandamus, we deemed relators were without an adequate remedy by appeal because respondent's denial of discovery, if erroneous, severely compromised their ability to present a viable claim. *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992, orig. proceeding). We, therefore, granted leave to file the petition to determine whether they are entitled to production of the requested documents.

■ At the threshold of our consideration of relators' contention that respondent abused his discretion in denying the requested discovery, we begin with the right of a partner, expressed in paragraph 6.4 of the partnership agreement, to examine and inspect the partnership's records, subject to only two restrictions: examination and inspection is limited to reasonable times during business hours and shall not unreasonably interfere with the partnership's operation. The right expressed and the limitations imposed are but an acknowledgment of a long establish partnership principle, and the denial of the right of inspection by a court calls for the use of a writ of mandamus to secure the right. *Rush v. Browning,* 103 Tex. 649, 132 S.W. 763, 765 (1910, orig. proceeding).

■ Notwithstanding relator's right of examination and inspection of the partnership's records, Iscol submits four theories upon which respondent's denial of discovery may be validated. First, Iscol contends that without a showing of relevancy, discovery is improper, *Martin v. Khoury,* 843 S.W.2d 163, 166 (Tex.App.—Texarkana 1992, orig. proceeding), and notes that relators have stated it is impossible to explain the specific relevance of information contained in documents it has never had the opportunity to review. Thus, in Iscol's view, relators have failed in their burden to plead and prove that the records sought were relevant. *Durham v. Cannan Communications, Inc.,* 645 S.W.2d 845, 847 (Tex.App.—Amarillo 1982, writ dism'd). Moreover, Iscol adds, it is apparent from the number of motions heard by respondent that he had a thorough understanding of the cause, and it is evident that he considered all of the relevant circumstances in denying the request for production of documents.

However, the focus is not on the degree of care respondent exercised; rather, the focus is on the effect of respondent's action on the substantial rights of the parties. *Jampole v. Touchy,* 673 S.W.2d 569, 574 (Tex.1984, orig. proceeding).[3] Although relators seek the records in connection with their claim that Iscol has engaged in predatory litigation to their monetary disadvantage, they were merely exercising their right as partners to examine and inspect the records of the partnership, a legal right expressly acknowledged in the partnership agreement, which does not impose a requirement of showing relevancy.

---

**3.** Another portion of the *Jampole* opinion, which implied that a remedy by appeal is inadequate merely because it might involve more delay or cost than mandamus, was disapproved in *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992).

■ Moreover, the relevancy requirement is generally understood to become operative when a litigant, who otherwise does not have the right to examine and inspect documents in the possession of the opposing party, seeks them as being pertinent to his claim or defense in a pending action. In any event, the relevancy requirement is liberally construed to allow litigants to obtain the fullest knowledge of the facts and issues prior to trial. *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 (Tex.1990, orig. proceeding). In this light, the information relators seek about the pending litigation may well be relevant to, or may reasonably lead to the discovery of admissible information concerning, their claim of predatory litigation, a controlling fact issue in dispute. *See Campbell v. Pirtle,* 790 S.W.2d 372, 374 (Tex.App.—Amarillo 1990, orig. proceeding). Thus, absent a claim of privilege by Iscol, the information is not undiscoverable because of a relevancy objection. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986, orig. proceeding).

■ Furthermore, Iscol proposes that respondent did not abuse his discretion in denying discovery because relators do not have the power to conduct the business of the partnership. Iscol points out that the partners placed the complete and exclusive power to conduct the partnership's affairs in the executive committee; therefore, the committee has the exclusive power to decide whether to engage in litigation and how to conduct that litigation without its decisions being questioned by relators.

The proposal begs the question. Relators are not seeking to conduct the business of the partnership; they merely are seeking to examine and inspect the records of the partnership, a legal right confirmed by the partnership agreement. Their request is not to be denied simply by the assertion that they have no right to conduct the partnership's business.

■ Second, Iscol, invoking paragraph 6.4 of the partnership agreement, asserts that relators do not have the unfettered right to inspect the partnership records, because the disclosure of the files may unreasonably interfere with the partnership's operations.

The argument is that the partnership won the *Dobson* case; that over one million dollars in damages, attorney's fees, and interest is at stake in the appeal; and that the disclosure of the files may include the attorneys' analysis of the strengths and weaknesses of the case, and could irreparably damage the partnership's ability to prevail on appeal.

The argument that according relators the right they have to examine and inspect the records could unreasonably interfere with the partnership's operations is a global assertion which does not meet the paragraph 6.4 limitation that an examination and inspection "*shall not* unreasonably interfere with the operation of the Partnership" (emphasis supplied). An order excluding all records of pending litigation without any showing that disclosure of the records unreasonably interferes with the operation of the partnership constitutes an abuse of discretion. *Accord Id.* at 58; *Lindsey v. O'Neill,* 689 S.W.2d 400, 402 (Tex.1985, orig. proceeding). Thus, the argument that disclosure could cause damage is, without more, no reason to deny relators the records they seek.

■ Third, Iscol maintains that respondent correctly denied the requested discovery because relators do not have a right to confidential information. Here, the argument is that since paragraph 11.1 of the partnership agreement provides no partner may disclose or make available confidential information without the prior written consent of the executive committee, relators have contractually limited their access to confidential information. This particularly obtains, Iscol adds, because the parties are engaged in a "cutthroat business," the partners may have interests in other cellular systems which outweigh their interest in the partnership, and just because there is a confidentially agreement between the partners, it does not necessarily mean that relators will abide by it.

The difficulty with accepting the argument is three-fold. Inherent in the argument is the supposition that by declaring information in the partnership's records confidential, the executive committee can deny a partner the right expressed in the partnership to exam-

ine and inspect the partnership records, which is not limited to non-confidential information. Although the partners may be engaged in a highly competitive business, they agreed, by paragraph 11.2 of their agreement, that the agreement shall not restrict any partner or partner affiliate from engaging in any business outside of and independent from the partnership. More important, however, is that the partners did not contract to limit their access to confidential information; instead, they only contracted not to disclose or make available confidential information of the partnership. Consequently, even though relators and Iscol are cast as adversaries, none of the facets of the argument negate the right of relators to know, and the obligation of Iscol to disclose, the information relating to the partnership affairs. *Johnson v. Peckham*, 132 Tex. 148, 120 S.W.2d 786, 787 (1938).

■ Fourth, Iscol declares that respondent had sufficient legal authority to deny relators' motion based on the proprietary nature of the information requested. Citing *Jampole v. Touchy*, 673 S.W.2d at 574, for the holding that a valid proprietary interest may justify denying or limiting discovery *requested by a direct competitor*, Iscol points out that relators are active in other cellular markets, that it is conceivable a favorable ruling for the partnership in the *Dobson* case may be economically detrimental for some of the relators and, if so, it may reasonably be concluded that those relators might use the information requested to their advantage and the partnership's detriment.

The difficulty with Iscol's position is that this litigation does not cast relators as, and there is no evidence that they are, direct competitors of the partnership; instead, they are merely seeking to enforce their legal right to examine and inspect the partnership records, a right that is not limited to non-proprietary information. Moreover, respondent approved a protective order safeguarding relators' disclosure of the information. Under these circumstances, discovery of unseen records cannot be denied because of an asserted proprietary interest in the requested information. *Id.*

It follows that relators' legal right to the information requested cannot be denied for any of the reasons advanced by Iscol. Hence, respondent's denial of the discovery by failing to apply the law correctly was an abuse of discretion correctable by mandamus. *Walker v. Packer*, 827 S.W.2d at 840; *Rush v. Browning*, 132 S.W. at 765.

Accordingly, we conditionally grant the writ of mandamus. Confident that respondent will vacate his order denying discovery and enter an order consistent with this opinion, the writ will issue only if he fails to do so.