NO. 07-04-0405-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 16, 2004



______________________________




IN RE DAVID L. JONES AND ALICE REDEKER, RELATORS



_________________________________






Before QUINN and REAVIS and CAMPBELL, JJ.


ON MOTION FOR REHEARING


 Remaining convinced that our disposition of relator's petition for writ of mandamus per
our opinion of October 18, 2004, was correct, relators' motion for rehearing is denied with these
additional comments. 

 Mandamus, as distinguished from an ordinary appeal, is an extraordinary remedy,
designed for situations involving manifest and urgent necessity. Holloway v. Fifth Court of
Appeals, 767 S.W.2d 680, 684 (Tex. 1989). (1) In Southern Bag & Burlap Co. v. Boyd, 120 Tex.
418, 38 S.W.2d 565, 569 (Tex. 1931), the Court held that although discovery orders are
interlocutory and non-appealable, mandamus may lie if the trial court ordered the production
of documents in circumstances that constituted an abuse of discretion. Although mandamus
is also available where discovery has been denied, where a relator seeks mandamus relief on
that basis, in addition to other things, relator must establish the denial effectively prevented him
from developing the merits of his case. Walker v. Packer, 827 S.W.2d 833, 843 (Tex. 1992). 
 

 Discovery requests must be reasonably tailored to include only matters relevant to the
case and may not be used as a fishing expedition to impose discovery expenses on the
opposing party. In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999). (2) Although
relators do not seek an audit or accounting by their pleadings or per Rule 172 of the Texas
Rule of Civil Procedure, among other things, the record shows that real party has produced
approximately 900 pages of business and financial records sought by relators. Considering
these and other principles, we conclude relators have not established that denial of the
requested discovery effectively denied them the reasonable opportunity to develop the merits
of their case.

 Accordingly, the motion for rehearing is denied. (3)

 Don H. Reavis

 Justice 


Quinn, J., concurring.


NO. 07-04-0405-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 16, 2004



______________________________




IN RE DAVID L. JONES AND ALICE REDEKER, 



 Relators


_________________________________



Concurring Opinion



______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 

 I concur in the result of the majority. 

 In the opinion of In re Van Waters & Rogers, Inc., 145 S.W.3d 203 (Tex. 2004), our
Supreme Court reaffirmed the principle that absent exceptional circumstances, mandamus
will not issue unless the respondent lacks an adequate legal remedy through appeal. Id.
at 210, 211. Moreover, that such remedy is lacking must be demonstrated by the
respondent. Walker v. Packer, 827 S.W.2d 833, 842 (Tex. 1992).

 Here, the relators posited that the remedy of appeal was inadequate because the
"requested documents go to the heart of the Relators['] claim." Yet, this conclusory
proposition was not developed or explained. Nor did the relators suggest that exceptional
circumstances were present relieving them from their burden to prove the want of an
adequate legal remedy. Instead, they focused upon how the trial court abused its
discretion in refusing the discovery sought. Establishing the latter does not alone entitle
one to a writ of mandamus. Again, the relator must also "demonstrate" how a later appeal
would fail to protect him from injury likely to arise from the trial court's purported mistake,
and this was not done here. Consequently, I too would vote to overrule the motion for
rehearing.


 Brian Quinn 

 Justice 
1. Being an original proceeding, mandamus proceedings are subject to the rules set out
in section three of the Texas Rules of Appellate Procedure. 
2. See 997 S.W.2d at 180 n.1 discussing matters of questionable relevancy and
overbroad requests.
3. Rule 47.1 of the Texas Rules of Appellate Procedure does not apply to orders on
original proceedings. See Tex. R. App. P. 52.8.