JAMES M. JORDAN v. JAMES A. CORLEY.

1. INJUNCTION. An application for injunction to enjoin a sale under execution, which was issued on a judgment rendered in 1870, which is based on the allegation that the execution was issued more than twelve months after judgment, is not sufficient; it should negative, by proper averment, the fact that any other execution had issued before that time.

2. JUDGMENT NOTICE. When a party to a cause submits his defenses in a matter within the jurisdiction of the court, he cannot plead ignorance of the subsequent proceedings and judgment rendered.

3. Injunction.  Injunction will not issue to restrain proceedings on a judg-
ment, on account of defenses which could have been made on the trial;
the party's remedy was by *certiorari*.

Appeal from Houston.  Tried below before the Hon. L.
W. Cooper.

*Carleton, Robertson,* and *G. W. Wynn,* for appellant.

*E. Cline,* for appellee.

In 1870, Corley sued out an attachment against one Jones
from a justice's court, and obtained the same day a writ of gar-
nishment against Jordan.  Jones failing to appear, a judgment
by default was rendered against him for $52.27, and recited
that Jordan having answered that he had five bales of Jones's
cotton in his possession, " it is ordered that plaintiff recover
" the amount of his judgment and costs of Jordan, out of the
" proceeds of the cotton."

Nearly two years after, appellant brought this suit to enjoin
the collection of the judgment against him as garnishee, alleg-
ing that at the time he answered the garnishment, Jones was
indebted to him on the previous year's account, and sought to set
aside the judgment by contradicting its recitals without alleg-
ing any fraud or equity against its collection ; also alleged that
the execution stayed by the injunction was issued more than
twelve months after the judgment.

His excuse for not filing his petition within twelve months
was, that he did not know the judgment was rendered against
him until about five days before he filed his petition.

The court below dissolved the injunction, and Jordan appealed.

Reeves, J.  James M. Jordan, the plaintiff in the court
below, appeals from the judgment dissolving the injunction and
dismissing his suit.

It appears from the statements of the plaintiff, as set out in
his original petition for injunction, that James A. Corley, the
defendant in this suit, on the 4th day of February, 1870, sued
out an attachment from a justice's court against one Buck

Jones, and on the same day obtained a writ of garnishment against the plaintiff, Jordan.

Jones, the defendant in the justice's court, failing to appear, a judgment by default was rendered against him, on the 5th day of March, 1870, for the amount of the plaintiff's demand, being $52.27, for which sum, with costs, execution was ordered to issue. The judgment recites that Jordan having answered that he had five bales of cotton in his possession, it was ordered that the plaintiff, Corley, recover the amount of his judgment from said Jordan, and all costs, out of the proceeds of the five bales of cotton. The present suit was brought by Jordan to enjoin the defendant, Corley, from collecting the judgment rendered against him, Jordan, as garnishee, and for other purposes.

Appellant insists that the judgment rendered against him by the justice of the peace is a nullity, because, as he alleges, he was not indebted to Jones at the time he answered the garnishment, but, on the contrary, Jones was indebted to him at the end of the year 1869. The plaintiff, in effect, denies the judgment as rendered, and seeks to set it aside by contradicting its recitals, without alleging fraud or any ground of equity against the collection of the judgment. The application for injunction was not made within twelve months after the judgment was rendered; nearly two years had elapsed before the petition was filed. His excuse for the delay is, that he did not know that the judgment had been rendered against him until about five days before the filing of his petition. It appears that he was served with process, or he was present and answered to the garnishment, and as the judgment shows, admitted that he had in his possession the five bales of cotton; and having submitted his defenses in a matter within the jurisdiction of the court, he was bound to take notice of the proceedings and judgment rendered in the case. The application for the injunction was not made within the time required by the statute, and no sufficient reason was shown for the delay. (Pillow and others against Thompson and others, 20 Texas, 206).

The allegations of the petition that the evidence before the justice of the peace did not authorize the judgment, is clearly insufficient. The remedy was by *certiorari*, and not by injunction. (Rotzein *v.* Cox, and others, 22 Texas, 62.)

The appellant contends that the execution, as stayed by the injunction, was the only one in the record, and that it was issued more than twelve months after the rendition of the judgment. It is not averred in the petition that this execution was the only one which had issued on the judgment, it is simply alleged that the execution in question was issued on the 12th February, 1872, without showing that it had not been preceded by the issuance of other executions. In other respects, the allegations of the petition are vague and uncertain, leaving it to be inferred that the execution had been levied upon the plaintiff's land, when it should have been directly averred if such was the fact.

It is further objected, that no effort was made to satisfy the judgment against Burk Jones, the defendant in the judgment rendered by the justice of the peace. There are two modes of garnishment; the first is where an attachment is sued out, and the other where the plaintiff proceeds under the execution-law after a judgment has been obtained. The pleader seems to have regarded the latter, in the frame of the petition, rather than the former, as evidently appears from the assignment of errors and the statement in his petition that the officer failed to return that no property of the defendant could be found, and the further allegation that the garnishee, the plaintiff in this suit, did not state on the trial before the justice of the peace that he had any funds or effects of the defendant in his possession.

The writ of garnishment in this case was not issued under the execution-law, but under the statute regulating attachments and garnishments, as auxiliary to the process of attachment. The statute authorizes the court, after judgment against the defendant in attachment, to enter up a judgment against the garnishee for all effects of the defendant acknowledged to

be in his possession, or so much as may be sufficient to satisfy the judgment of the plaintiff and costs.

The petition shows no equity against Corley's judgment, the papers were lost, and for anything that appears, a demand may have been made for the cotton, as directed to be done by the statute, but there are no averments in regard to any demand, and no offer to account for the cotton, and without such averments, if the plaintiff could otherwise maintain his suit, there could be no merit in his application to reopen the judgment to enable him to make a defense which should have been made on the trial of the cause, or if made, and not allowed by the court, should have been corrected, if erroneous, by another remedy and not by injunction.

As the case is presented, we are of opinion that there was no error in dissolving the injunction and dismissing the petition, and the judgment is affirmed.

Affirmed.