## PEASLEE–GAULBERT CORPORATION v. HUGHES et al.

### No. 11838.

Court of Civil Appeals of Texas. Dallas.

Oct. 13, 1934.

Rehearing Denied Nov. 24, 1934.

Second Rehearing Denied Feb. 9, 1935.

Turner, Rodgers & Winn and M. B. Solomon, all of Dallas, for appellant.

Ross M. Scott, of Dallas, for appellees.

**150**

LOONEY, Justice.

Peaslee-Gaulbert Corporation brought this proceeding against J. R. Hughes, to review a judgment for the sum of $2,326.90, rendered in his favor against petitioner in the Sixty-Eighth district court of Dallas county on May 29, 1934, and this appeal is from an order, dismissing the bill on general demurrer.

The bill, in our opinion, alleges a meritorious defense to the original cause of action, but does it show that petitioner was prevented, either by fraud, accident, or mistake, from urging its defense to the suit, or from timely moving for a new trial? If so, the court erred in dismissing the bill.

It is shown that, immediately after being served with citation, petitioner employed and paid Lee G. Carter, an attorney of Dallas, to defend the cause, explained to said attorney the facts constituting its defense, delivered to him its pertinent files, and that said attorney filed an answer (general demurrer and general denial) on September 21, 1928; that petitioner, through a representative, made repeated inquiries of its attorney as to when the case would be tried, insisting at all times upon an immediate trial, and was informed by said attorney that he had made numerous but futile efforts to induce plaintiff and his attorney to try the cause, and that the suit had been abandoned; that plaintiff Hughes knew when he instituted the suit that petitioner was not indebted to him in any amount whatever, and that his alleged claim was fraudulent; that a period of about five years (September 14, 1928, to May 29, 1934) elapsed from the institution of the suit to the date of the judgment complained of, and that during this interval Hughes made no effort to prosecute the suit; that on November 30, 1933, more than four years after the institution of the suit, the Dallas Morning News published an item in regard to court proceedings, stating that plaintiff's suit had been dismissed for want of prosecution; that this item was read by petitioner's local manager, who, not knowing or having notice of anything to the contrary, was led to believe, and did believe, that the cause had been finally disposed of; that plaintiff and his attorney knew that, early in the year 1933, petitioner's attorney, Lee G. Carter, had died, and with such knowledge, and knowing further that petitioner was without either actual or constructive notice that the cause had been set for trial, took the judgment of which complaint is now made; that at said time, there existed a well-known custom, observed by

litigants and attorneys, requiring, in the circumstances mentioned, that reasonable notice be given the opposite party of an intention to call up a cause for trial, and that violation of said custom by plaintiff deprived petitioner, without its fault, of the privilege of urging its valid defense to plaintiff's suit; that at said time, there also existed a custom, well known to litigants and attorneys, to the effect that, on the rendition of judgment against an absent party, under circumstances as herein set out, notice of such fact be given the party against whom judgment is rendered, to afford reasonable opportunity to move for a new trial; that said judgment was taken by Hughes and his attorney, knowing petitioner was not cognizant of the fact, nor did petitioner have notice or knowledge of the fact until execution was issued on the judgment and placed in the hands of the sheriff of Dallas county for collection, at a time too late for petitioner to move for a new trial.

■■ In Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100, Justice Gaines, for the Supreme Court, announced the doctrine that governs suits of this nature, as follows: "Where a party has been prevented by fraud, accident, or mistake from prosecuting his suit or making his defense, and an opportunity has not been offered him for moving for a new trial during the term, he may bring an equitable action after its close to reopen the case and dispose of the litigation upon its merits." Applying this rule, and indulging all reasonable intendments, we are of opinion that the bill alleged a good cause of action for review, and that the court erred in sustaining the general demurrer.

■ The rule that a judgment will not be set aside, after adjournment, to permit defenses which, in the exercise of reasonable diligence, should have been urged prior to the trial, has no application where the complaining party is prevented from urging defenses, either by the fraud of his adversary or by unavoidable accident or mistake; in such a situation, he may set up his defenses in a bill of review proceeding. Jones v. Wootton (Tex. Com. App.) 228 S. W. 142.

So, as the case will be reversed and remanded, in view of a trial below of the issues here involved, we refrain from commenting upon the facts alleged, but simply announce the conclusion reached; that is, that the petition alleged a cause of action, and that the court erred in sustaining the general demurrer.

Reversed and remanded.

## On Appellees' Motion for Rehearing.

■ At a former day we reversed the judgment of the court below, holding that appellant alleged good grounds for review. In a vigorous motion for rehearing, appellee challenges the correctness of our holding. We recognize the rule, contended for by appellee, that in passing upon the sufficiency of a bill, as against a general demurrer, mere conclusions, as well as allegations inconsistent with the proceedings had in the main case, will be given no consideration.

Appellant alleged, as reasons why it was not represented at the trial of the main cause, and did not move for a new trial, that it had no notice of the setting of the case for trial, nor did it have notice of the judgment until execution was issued thereon and placed in the hands of the sheriff for collection, too late to move for a new trial; that at the time there existed a well-known custom, observed by attorneys and litigants having business in the courts of Dallas county, requiring, in the circumstances mentioned, that reasonable notice be given a party of the time or date his cause would be called for trial; that this custom was violated by appellee, depriving appellant of the privilege of urging its valid and meritorious defenses to appellee's suit; that there also existed a custom, well known to attorneys and litigants at the Dallas Bar, to the effect that, on the rendition of judgment against an absent party, under the circumstances alleged, notice of such fact should be given the losing party, to afford him reasonable opportunity to move for a new trial; that this custom was also violated in the instant case, although appellee and his attorney knew appellant did not know that judgment had been rendered against it, nor did appellant receive notice of such fact until confronted with the execution.

If these facts are to be considered as well pleaded, under a well-established rule, we must accept them as true. However, appellee contends that, as a matter of law, the alleged customs could not have existed, in that, they contravene the provisions of subdivision 18 of article 2092, R. S. 1925, therefore the court below properly ignored all reference to their existence.

■ We recognize the rule contended for, that a local custom cannot supersede or modify a statute, or unsettle the law. Dewees v. Lockhart, 1 Tex. 535; Sydnor v. Gascoigne, 11 Tex. 449; Mo. Pac. Ry. Co. v. Fagan, 72 Tex. 127, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776. But do these customs have that effect? Subdivision 18 of article 2092, R. S. 1925, reads: "On the first Monday in each calendar month the judge of each court may, and as far as practicable shall, set for trial during the calendar month next after the month during which the setting is made, all contested cases which are requested to be set, and by agreement of the parties, or on motion of either party, or on the courts [court's] own motion with notice to the parties, the court may set any case for trial at any time so as to allow the parties reasonable time for preparation. Non-contested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time." Thus it is seen that cases are set for trial, either on request and by agreement of parties, or on motion of a party, or on the court's own motion, with notice to the parties so as to allow reasonable time for preparation.

We do not believe this statute would be contravened, superseded, or modified by the customs alleged by appellant; in truth, the statute contemplates some kind of notice to the parties as to the setting of all contested cases, either notice obtained where the setting is by agreement, or that presumed where the setting is on motion for that purpose, and when set by the court, notice must be given. Our attention has been called to no rule of law that would be contravened by a local custom requiring notice to a party where judgment against him is rendered in his absence. So, whether or not these customs have any existence in fact, on this appeal, we must accept the allegations as to their existence as true. We do not think the recitation in the judgment, that the cause came on for trial "at a regular setting of said cause and in its due order on the court's assignment," is inconsistent with the allegation that appellant had no notice of the setting of the case; in fact, the death of its attorney of record, prior to these happenings, rather forbids the idea that appellant had notice.

In the original opinion, reproducing appellant's allegations, we said: "Hughes made no effort to prosecute the suit, but, on three occasions, permitted same to be dismissed for want of prosecution; that on November 29, 1932, more than four years after its institution, the cause was dismissed for want of prosecution, which fact appeared, among other published court proceedings, in the Dallas Morning News of November 30, 1933; was read by petitioner's manager, and neither knowing nor having notice of anything to the contrary, petitioner was led to believe, and did believe, that the cause had been aban-

doned by plaintiff, and finally disposed of; however, it appears that later, on verbal motion by plaintiff Hughes, the court set aside the order of dismissal and reinstated the cause, without either actual or constructive notice to petitioner."

Appellee challenges the correctness of all allegations in regard to the dismissal of the cause for want of prosecution and its reinstatement on verbal motion, because the record of the original cause fails to reveal any such proceeding. This criticism is well taken. The supplemental transcript containing proceedings had in the original cause fails to show that the cause was either dismissed or reinstated; hence all allegations in regard to these matters will be eliminated and given no consideration. However, even with these allegations eliminated, the petition, in our opinion, alleges grounds for review.

After carefully considering appellee's motion for rehearing, we are unconvinced that error was committed by us; hence the motion is overruled.

Overruled.

### On Appellant's Motion for Rehearing.

Reciting the grounds alleged by appellant for review, we said in our original opinion that: "On November 29, 1932, more than four years after its institution, the cause was dismissed for want of prosecution, which fact appeared, among other published court proceedings, in the Dallas Morning News of November 30, 1933; was read by petitioner's manager, and neither knowing nor having notice of anything to the contrary, petitioner was led to believe, and did believe, that the cause had been abandoned by plaintiff, and finally disposed of; however, it appears that later, on verbal motion by plaintiff Hughes, the court set aside the order of dismissal and reinstated the cause, without either actual or constructive notice to petitioner."

Commenting upon these allegations, we said: "It appears that the suit was dismissed for want of prosecution on November 29, 1932, and while not decisive of the merits of the controversy, yet it did effectually put an end to the pending proceedings, and petitioner having no actual knowledge, was not, in our opinion, visited with constructive notice of the verbal motion made to set aside the order of dismissal, nor of the action of the court thereon. Morris v. National Cash Register Co. (Tex. Civ. App.) 44 S.W.(2d) 433."

In a motion for rehearing, appellee challenged the correctness of all allegations in the bill of review in regard to the dismissal of the cause for want of prosecution and its reinstatement on verbal motion, in that, the record of the original cause failed to reveal such proceedings. We held that this criticism was well taken, as the supplemental transcript of the proceedings had in the original cause, failed to show that it had either been dismissed or reinstated; therefore, we withdrew from our opinion the recitation made in regard to this matter, but held that, even with these allegations eliminated, the petition for review stated a cause of action; therefore overruled appellee's motion for rehearing.

We now have for consideration a motion by appellant to perfect the record and for rehearing. The motion is under oath and not controverted, alleging that it was understood in open court, at the oral argument, that the original suit was dismissed for want of prosecution on November 29, 1933, and thereafter was reinstated, as alleged by appellant in its bill of review, and while the supplemental transcript of the proceedings in the original suit did not contain the orders of dismissal and reinstatement, that as to the facts there was no controversy, and assuming that this was in the mind of the court, appellant did not challenge the correctness of appellee's motion for rehearing on that point. There is attached to the motion a certified copy of a nunc pro tunc order of the trial court, showing that the original cause was in fact dismissed for want of prosecution on November 29, 1932, and thereafter was reinstated. So, in view of this situation, we grant appellant's motion to perfect the record, and will consider as a part thereof the accompanying certified copy of the order of court, therefore reiterate the language of our original opinion, eliminated on appellee's motion for rehearing, as set out above, the same to constitute a part of our opinion that appellant may have the benefit of its allegations in regard to the dismissal of the original cause for want of prosecution, and the manner of its reinstatement.

Motion granted.