## GRAND UNITED ORDER OF ODD FEL-LOWS v. WRIGHT et al.
### No. 1539.

Court of Civil Appeals of Texas. Waco.

Dec. 6, 1934.

Carter W. Wesley, of Houston, and French & McCorkle, of Fairfield, for appellant.

H. L. Williford, of Fairfield, for appellees.

ALEXANDER, Justice.

This action was brought in the district court of Freestone county by Grand United Order of Odd Fellows against Nathan Wright, Jr., Bennie Perry, and Leonard Perry for equitable relief in the nature of a bill of review to set aside a judgment rendered in the same court at a former term in favor of the defendants herein and against the plaintiff herein. The evidence discloses substantially the following facts: The original suit was to recover on a life insurance certificate issued by the Grand United Order of Odd Fellows on the life of Nathan Wright. The defendant therein was cited to answer on the first day of the April term of said court, same being the 3d day of April. On March 31st said defendant filed its answer, and at the same time its counsel, who lived at Houston, wrote counsel for said plaintiffs at Mexia as follows: "I would like to come up and try my demurrers and exceptions on a motion day suitable to you. Will you suggest two or three possible dates." This letter was not answered. On April 4th, at the call of the appearance docket, the case was regularly set for April 25th and a list showing such setting, as well as the setting of all other appearance cases, was left in the clerk's office. When the case was called for trial on April 25th, defendant's counsel failed to appear and plaintiffs therein introduced their testimony and took judgment. Said defendant did not discover that judgment had been entered until after adjournment of the April term of court. Upon trial of the bill of review, the attorney who represented the defendant in the original action testified that after he had written opposing counsel as above set out and did not receive any reply, he did not write said attorneys again nor did he write the clerk, judge, or any one else or do anything to ascertain when the case would be called for trial. There was no contention that counsel for the plaintiffs in the original action, or any other person, had promised to notify counsel for defendant of the setting of the case. The trial court found that the defendant in the original action did not have a good defense to the cause of action sued on by said plaintiffs and that its counsel was inexcusably negligent in failing to appear for the trial of the case, and, as a result, refused to set aside the judgment rendered at the former term. The Grand United Order of Odd Fellows appealed.

It is a well-established rule in this state that in order for a defendant to have set aside a judgment rendered against him in

his absence at a previous term of court, it is incumbent upon him to show a clear case of diligence and that he was prevented from presenting his defense by fraud, accident, or the act of the opposite party, wholly unmixed with any fault or negligence on his part. Equity will not vacate such a judgment where it appears that the failure of the party or his attorney to attend the trial was due to such attorney's own negligence. 25 Tex. Jur., p. 619; Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986, 987; Canion v. Brown (Tex. Civ. App.) 48 S.W.(2d) 1031; Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; Thomas v. Goldberg (Tex. Civ. App.) 283 S.W. 230; Alexander v. San Antonio Lumber Co. (Tex. Sup.) 13 S. W. 1025. A defendant, who has been regularly cited and who has appeared and filed an answer to the merits, is bound to take notice of the subsequent settings of the case and has no right to complain if he allows judgment to be rendered against him in his absence merely because his attorney was not further notified of the setting of the case. An attorney for a defendant has no right to rely on counsel for plaintiff to notify him of the setting of the cause in the absence of an agreement providing for such notice. 25 Tex. Jur., p. 621; Maytag Southwestern Co. v. Thornton (Tex. Civ. App.) 20 S. W.(2d) 383; Davis v. Cox (Tex. Civ. App.) 4 S.W.(2d) 1008.

Under the circumstances, we are of the opinion that the trial court's finding that counsel for the defendant in the original action was negligent in failing to appear for the trial is supported by the evidence, and that, as a consequence, the defendant failed to show equitable grounds for setting aside the judgment. This renders it unnecessary for us to determine whether or not the appellant herein had a good defense to the original action.

The judgment of the trial court is affirmed.