PLAINS GROWERS, INC., Relator,

v.

E. E. JORDAN, Judge et al., Respondents.

No. B–4449.

Supreme Court of Texas.

Oct. 30, 1974.

Rehearing Denied Dec. 18, 1974.

Witherspoon, Aikin, Langley, Woods, Kendrick & Gulley, Thomas W. Kendrick and D. Wesley Gulley, Hereford, for relator.

Robinson, Fotheringham & Simpson, Tom J. Fotheringham and A. J. Robinson, Amarillo, for respondents.

WALKER, Justice.

This is an original proceeding in which Plains Growers, Inc., relator, seeks a writ of mandamus to require the Honorable E. E. Jordan, Judge of the 47th Judicial Dis-

trict Court of Randall County, to set aside a judgment rendered by him against relator and in favor of Ickes-Braun Glasshouses, Inc. The judgment is not void, and the writ of mandamus is accordingly denied.

The parties other than Judge Jordan will be referred to as they were designated in the trial court. On August 3, 1973, plaintiff Ickes-Braun instituted suit against defendant Plains Growers in Cause No. 12,902–A in the 47th Judicial District Court of Randall County to recover the principal, interest and attorney's fees alleged to be owing on a promissory note for $16,342.00 executed to plaintiff by defendant on December 21, 1971. Defendant was served with citation on August 23, 1973, and timely filed its original answer on September 14, 1973. The answer consisted of: (1) a special exception directed at the absence of any allegation in the petition that plaintiff was the owner and holder of the note, and (2) a general denial.

The docket of the 47th Judicial District Court was duly called by Judge Jordan in Randall County beginning at 9:00 o'clock a. m. on Monday, January 7, 1974. Counsel for defendant resides in another county. Neither defendant nor anyone representing it was present at the call of the docket. Counsel for plaintiff was present and requested that Cause No. 12,902–A be set for trial at 10:00 o'clock the same morning, and the setting was ordered by Judge Jordan. The case was called for trial at the time set. The note was introduced into evidence, and judgment was then rendered in plaintiff's favor for the principal, accrued interest and attorney's fees.

Neither defendant nor its counsel was notified of the setting or the trial. The postcard notice of the judgment required by Rule 306d [1] was mailed by the clerk to defendant's counsel on January 17, 1974, and was received by the addressee on the following day. This was after expiration of the 10-day period prescribed in Subdivision 1 of Rule 329b for filing a motion for a new trial. Under the provisions of Subdivision 5 of the same rule, however, the trial court had jurisdiction to set aside the judgment for 30 days after the date of its rendition. Defendant accordingly filed a motion for a new trial on January 23. Attached to the motion is a copy of an amended answer verified by defendant's president on January 17, which sets up, among other things, a defense of failure of consideration. After a hearing on February 1 at which evidence was introduced, the motion for new trial was overruled. Motion for leave to file a petition for writ of mandamus was then filed in this Court and the motion was granted.

Defendant insists that the judgment, entered as it was without notice to defendant or its counsel of the trial setting and without allowing an adequate opportunity to prepare for trial, was void. We do not agree. The setting of cases in the district courts of Texas is governed by Rule 330(b), T.R.C.P., which provides:

> On the first Monday in each calendar month the judge of each court may, and as far as practicable shall, set for trial during the calendar month next after the month during which the setting is made, all contested cases which are requested to be set, and by agreement of the parties, or on motion of either party, or on the court's own motion with notice to the parties, the court may set any case for trial at any time so as to allow the parties reasonable time for preparation. Noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time.

■ The rule specifically requires notice only when a case is set by the court on its own motion. In this respect it is somewhat at variance with Rule 245, which directs the court to provide by rule for placing actions on the trial calendar without request of the parties or upon request of a

---

1. Texas Rules of Civil Procedure.

party and notice to the other parties or in such other manner as the court deems expedient.[2] The differences in the two rules are doubtless due, at least in part, to the fact that the provisions of Rule 330(b) were taken, virtually word for word, from the Special Practice Act adopted by the Legislature in 1923. Acts 1923, 38th Leg., ch. 105, p. 215, § 1, later codified as Art. 2092, Vernon's Ann.Tex.Rev.Civ.Stat. 1925. Those who drafted the original statute must have contemplated that the parties to a case would know the date it was to be tried, but they evidently proceeded on the assumption that a party who had been served with process or answered in a case would keep himself informed of subsequent proceedings therein. See Jordan v. Corley, 42 Tex. 284; Peaslee-Gaulbert Corp. v. Hughes, Tex.Civ.App., 79 S.W.2d 149 (wr. ref.); Grand United Order of Odd Fellows v. Wright, Tex.Civ.App., 76 S.W.2d 1073 (no writ); Maytag Southwestern Co. v. Thornton, Tex.Civ.App., 20 S.W.2d 383 (wr. dis.); Oldham v. Heatherly, Tex.Civ. App., 17 S.W.2d 113 (no writ). We do not attempt to determine here the validity or effect of that assumption today.

■■■ Be all that as it may, the provision in Rule 330(b) for setting cases on the first Monday in each calendar month is directory and not mandatory. It is also clear that formal notice of the setting is not required when a case is set for trial by request at a regular call of the docket, by agreement of the parties, or on motion of either party. That is the reason many district courts have adopted a local rule requiring notice of a setting. See Phillips v. Hopwood, Tex.Civ.App., 329 S.W.2d 452 (wr. ref. n. r. e.); Jackson v. Napier, Tex.Civ.App., 307 S.W.2d 833 (no writ). It also appears that a local custom of giving notice may have developed in some counties. See Peaslee-Gaulbert Corp. v.

Hughes, Tex.Civ.App., 79 S.W.2d 149 (wr. ref.).

On August 1, 1970, the 47th Judicial District Court promulgated local rules as authorized by Rule 817, T.R.C.P., but there is no provision requiring notice of a trial setting. The local rules do provide that the docket call will be on the first day of each term in each county, except when that date is a legal holiday, in which event the docket call will be on the following day. The terms of the court, which are prescribed by Subdivision 47 of Article 199, V.A.C.S., begin in Randall County on the first Monday in January, on the sixteenth Monday after the first Monday in January, and on the eighth Monday after the first Monday in August. The docket call on January 7, 1974, which was the first Monday in January, was thus held at the time prescribed by the local rules.

■■ There is no local or general rule requiring notice to the parties of a setting made at the regular call of the docket, and the case was tried on its merits at the time it was set for trial. The early setting and trial without further notice to defendant or its counsel does not violate any statute or rule, and our decision in Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, has no application. Although the setting and trial without notice may have constituted an abuse of discretion under the circumstances, a question we do not attempt to decide here, this does not render the judgment void. The trial court had jurisdiction of the subject matter, and the judgment is not void even though it may have been erroneous.

■ If defendant has or had any remedy other than the late motion for new trial, it was by writ of error to the Court of Civil Appeals or by petition for bill of review in the trial court. A petition for a

---

2. Rules 245, 246 and 247 govern the setting and trial of cases in district courts with non-continuous terms and in county courts. See Freeman v. Freeman, 160 Tex. 148, 327 S.W. 2d 428. All district courts in Texas now have continuous terms and are governed by Rule 330. See Article 1919, V.A.C.S. Rules 245, 246 and 247 continue to apply in county courts.

bill of review is ordinarily based on some wrongful act of the adverse party or his attorney. The failure of the clerk to mail the postcard notice "immediately" as required by Rule 306d does not impair the finality of the judgment or render it void, but we held in Petro-Chemical Transport v. Carroll, Tex.Sup., 514 S.W.2d 240, that such failure on the part of the clerk may constitute the basis of a bill of review in an otherwise proper case.

The petition for writ of mandamus is denied.

Dissenting opinion by DANIEL, J., in which McGEE, DENTON and SAM D. JOHNSON, JJ., join.

DANIEL, Justice (dissenting).

I respectfully but vigorously dissent.

It causes me great concern to see this Court condone and approve the validity and finality of a judgment rendered by a trial court in a contested case which was set for trial within less than an hour after the attorney for plaintiff requested the court to do so and without any notice whatever to the defendant or its counsel.

I consider the trial court's hurried "setting" without notice and the ex parte trial to be contrary to the fundamental principles of fairness and justice embodied in our system of judicial administration and clearly in violation of Rule 330(b) adopted by this Court to prevent judgments of this nature against a party without allowing him an opportunity to be heard.[1] The majority opinion takes note of a further injustice occasioned by the district clerk's violation of Rule 306d. The clerk failed to mail a notice of the judgment to the defendant until after it was too late to file a motion for new trial under Rule 329b and thus perfect its appeal. Until receipt of this late notice, it is undisputed that neither the defendant nor its attorney had any notice or knowledge of the so-called setting or judgment.

Rendering a judgment against a party without an opportunity to be heard has been condemned. Windsor v. McVeigh, 93 U.S. 274, 277, 23 L.Ed. 914 (1876). In that case Mr. Justice Field said that a judicial determination under such circumstances "is not entitled to respect . . . ." He quoted with approval from another case which said that a hearing,

"where no notice, written or constructive, is given, whatever else it might be called, would not be entitled to be dignified with the name of a judicial proceeding."

My concern is not with this case alone. The granting of a writ of mandamus requiring the trial court to set aside its judgment and restore this case to the docket would not only serve to remedy the injustice in this case, but it would serve to deter rather than condone similar violations of Rule 330(b) in future cases. Such action in this case would not clash with our usual concern about the importance of protecting the finality of judgments. Here, there was a prompt and direct attack on the validity of the judgment, with no delay, laches, estoppel, or intervention of claims or rights of third parties. Within the thirty-day period before the judgment became final under Rule 330(a), the aggrieved party sought (and was denied) relief from the judgment by the trial court in a motion which contained every necessary element of a bill of review; it then moved for leave to file its petition for writ of mandamus, which was granted by this Court. Concurrently, this Court issued an order staying the execution and further proceedings under the judgment, all of which occurred within the thirty-day period after the judgment was rendered by the trial court.

It has been suggested that our mandamus jurisdiction should be exercised only

---

1. All citations to Rules refer to the Texas Rules of Civil Procedure.

when we are presented with matters of greater statewide concern. At a time when respect for our system of law is called for from all sides and the lack of it too often evidenced, no matter is of greater import to the people of this State than the proper functioning of our judicial system. The very thought of a district judge, on the ex parte motion of one party, setting a contested case for trial within less than an hour; then conducting the trial without any notice whatever to the opposing counsel, thus denying him and his client the right to be heard; the loss of the right of appeal because of the clerk's failure to follow the Rule for timely notice of the judgment; and then the trial court's refusal to grant relief from the judgment; is enough to shock the conscience and confidence of those who respect our system of justice according to law. The instant case involves only a judgment against Plains Growers, Inc. on a $16,342 promissory note. Future cases, however, may involve settings without notice and judgments without notice, deciding the custody of a child, damages which would wipe out the savings of a lifetime, the loss of a home, or civil rights of individual citizens.

I interpret Rule 330(b) as prohibiting this type of "hurried-up" trial without notice and reasonable time for preparation, and therefore disagree with the majority's holding that: "The early setting and trial without further notice to defendant or its counsel does not violate any statute or rule . . . ." That holding is based upon an interpretation of Rule 330(b) which is contrary to its spirit and purpose. It apparently rests upon its punctuation rather than its manifest purpose. The portion pertinent to contested cases reads:

"On the first Monday in each calendar month the judge of each court may, and as far as practicable shall, set for trial during the calendar month next after the month during which the setting is made, all contested cases which are requested to be set, and *by agreement of the parties, or on motion of either party, or on the court's own motion with notice to the parties, the court may set any case for trial at any time so as to allow the parties reasonable time for preparation."* (Emphasis supplied.)

It is apparent from this Rule that its primary purpose is to provide for setting contested cases for trial in a manner which will give the opposing parties a reasonable time to prepare for trial. The first five phrases, which are directory, provide that on the first Monday of each calendar month the trial court may, *"and* as far as practicable shall," set for the next calendar month all contested cases which are requested to be set. Clearly, that portion of the Rule is to give the contesting parties a month within which to prepare for trial. If plaintiff's request for a setting had been made under that portion of the Rule, the defendant would have had an opportunity to prepare and to be heard, assuming that the trial court follows Rule 245, relative to placing cases on the calendar "upon request of a party and notice to the other parties," or even assuming arguendo that the defendant would be charged with notice of a setting on a date during the succeeding month when requested by his adversary on the first Monday of the preceding calendar month.[2]

However, plaintiff's motion for the setting of this case, made after 9:00 a. m. on

2. It should be noted that October 1, 1973 was the first docket call after appearance day for this case. No request for a setting was made on that date. Neither was it listed on the next docket call of January 7, 1974, such list being confined to older cases which were required to be set, continued or dismissed for want of prosecution. At the top of that list was typed: "Docket Call for the January Term of 47th District Court of Randall County will be at 9:00 a. m., Monday, January 7, 1974. Jury weeks are scheduled for January 29, March 5, and April 9. Nonjury weeks are scheduled for February 20 and March 19." Defendant contends that anyone who received that notice would have been led to believe that January 29 was the earliest date his case would have been set for trial.

the first Monday in January of 1974, was not under the initial general provisions of the above Rule. On the contrary, it was for an advanced setting at 10:00 a. m. on the same day, which necessarily placed it within the exceptions and restrictions of the latter part of the Rule, under which the trial court may set cases "at any time so as to allow the parties reasonable time for preparation." The enumerated exceptions are (1) by agreement of the parties, (2) on the motion of either party, and (3) on the court's own motion. Immediately following the last exception are the words "with notice to the parties."

Respondent contends, and evidently the majority agrees, that because of a comma at the end of the phrase "or on the motion of either party" or the absence of a comma at the end of the phrase "or on the court's own motion," the requirement of notice to the parties applies only when the court makes an earlier setting on its own motion, and not when (as in this case) the court grants an earlier setting on the motion of an adverse party. That interpretation, based upon the placement of punctuation marks, leads to an incongruous and unjust result directly contrary to the underlying purpose and intent of that portion of the Rule—settings at any time (even less than a calendar month ahead) with notice to the parties so as to allow them reasonable time for preparation.

Is it reasonable to believe that the enactment of this Rule, first by the Legislature as a statute [3] and then almost verbatim by this Court, was intended to provide for notice to the parties only when the court sets a case on its own motion and not when he sets it on the motion of an adversary par-

ty? Obviously, it is just as important, if not more so, for the non-requesting party to have notice of an earlier setting when moved for by his adversary. Otherwise, with no notice, how could the non-requesting party be allowed "reasonable time for preparation," as the Rule requires? Surely the last phrase "so as to allow the parties reasonable time for preparation" modifies at least the preceding phrases relating to earlier settings. If that be true, then the only reasonable interpretation within the spirit and purpose of the latter portion of the Rule is that "with notice to the parties" requires notice whether or not the early setting was on motion of one party or on the court's own motion.[4]

Since at least 1967, the text writer or compiler of Time Table for Lawyers Under the Rules, which is published in the front of Vol. 1 of Vernon's Texas Rules of Civil Procedure, has given that interpretation to Rule 330(b) in the following words:

> "On the first Monday of each month, as far as practicable, judge is required to set contested cases for trial during next calendar month, when request has been made for setting; but by agreement of parties, on motion, or on court's own motion, cases may be set at any time on notice to the parties, allowing reasonable time for preparation." [5]

Our Rules, whether or not derived from statutes, have the same effect as statutes, and are subject to the rules of statutory construction. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959); Sutherland, Statutory Construction, Vol. 2 § 31.06 (4th ed. 1973). One of the cardinal rules of statutory construction is that "statutes

---

3. Subdivision 18, Article 2092, Tex.Rev.Civ. Stat., 1925.

4. This was the interpretation given the precise words while they were in statutory form. In Peaslee-Gaulbert Co. v. Hughes, 79 S.W. 2d 149 (Tex.Civ.App.1934, writ ref.), the court said, after quoting Subd. 18 of Article 2092 (now Rule 330(b)): "Thus it is seen that cases are set for trial, either on

request and by agreement of parties, or on motion of a party, or on the court's own motion, with notice to the parties so as to allow a reasonable time for preparation."

5. 1 Vernon's Texas Rules of Civil Procedure, CXXVIII–CXXIX. See also West Publishing Co. Desk Copy 1973, Texas Rules of Civil Procedure, pp. CV–CVI.

should be interpreted so as to effectuate their manifested purpose or object." Sutherland, *supra,* Vol. 2A § 58.06. Punctuation or lack of it should never prevail over the manifest reason and obvious purpose of the law. Sutherland devotes considerable space to the effect (or lack of effect) to be given to punctuation in the interpretation of statutes, tracing the history from the time when parliamentary enactments were not punctuated to decisions of our highest courts declaring that punctuation is no part of an Act. Sutherland, *supra,* Vol. 2A § 47.15. The text states, however:

"The better rule is that punctuation is a part of the act and that it may be considered in the interpretation of the act but may not be used to create doubt or to distort or defeat the intention of the legislature. When the intent is uncertain, punctuation, if it affords some indication of the true intention, may be looked to as an aid.

"On the other hand, if the act as originally punctuated does not reflect what is otherwise indicated to be the true legislative purpose, in order to effectuate such purpose the punctuation may be disregarded, transposed, or the act may be repunctuated."

The same text, Vol. 3 § 67.02, states:

"There is widespread preference for the method of interpreting procedural statutes which insures that a case will not be disposed of on the basis of procedural technicalities but will be considered on its merits and decided on the basis of the substantive rights of the parties. Mere technicalities should not be permitted to impede the trial of a case, and so an interpretation which is highly technical, or results in absurdity or injustice is to be avoided. . . . an interpretation allowing one litigant to take advantage of or cast harsh burdens upon the other is avoided where possible, and a construction which will avert bias and secure a fair trial is highly favored."

We may look further to our own Rules 1 and 245 as to the purpose and manner in which Rule 330(b) should be interpreted and applied. Rule 1 provides:

"The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

Rule 245 provides:

"The court shall provide by rule for the placing of actions upon the trial calendar.

"(a) without request of the parties or

"(b) *upon request of a party and notice to the other parties* or

"(c) in such other manner as the courts deem expedient. Precedence shall be given to actions entitled thereto by any statute or rule." (Emphasis supplied.)

Rules 245, 246 and 247 are said by the majority to govern the setting and trial of cases in district courts with noncontinuous terms and in county courts, but there is no such limiting language in those rules. All district courts in Texas have had continuous terms since Section 1 of Article 1919 became effective January 1, 1955, but Rules 245, 246 and 247 have not been changed as to district courts, and the applicable portions thereof which do not conflict with Rule 330 should continue to apply. See Rule 331. The holding to the contrary will no doubt come as a surprise to a great majority of the district courts which have adopted and filed local rules. See Local Rules of the District Courts of Texas, compiled by the Texas Civil Judicial Council, April 15, 1974. A careful examination reveals that with but few excep-

tions, they have followed both Rule 245 and Rule 330(b) in providing for the placing of actions upon their trial calendars. The majority require notice to all parties of any request for settings. Typical is the following provision from Rule 3 of the Local Rules of the District Courts of Harris County:

" . . . Before the request for setting is filed, a copy thereof shall be served upon all counsel of record in the case and all parties not represented by counsel . . . . The party requesting the setting of a case for trial on the merits shall certify on his request . . . [among other things] that all parties and counsel of record have been supplied with copies of the request for settings." Local Rules Compilation, *supra*, 151–152.

In Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959), the Court made passing references to Rules 245, 246 and 247 as being applicable in district courts of noncontinuous terms and to Rule 330(b) as applying to district courts having continuous terms, but there was no holding that none of the provisions of Rules 245 et seq. are applicable to continuous term courts. The important comparison applicable to this case was the Court's statement that "[t]hey differ only slightly from Rule 330(b) . . . . " The Court concluded:

"It is the purpose of the Rule to provide a party to a contested case with his day in court."

Unless we are to allow a comma, or the absence of a comma, to control the purpose and object of the latter portion of Rule 330(b), it seems that the only reasonable interpretation is that an earlier setting, whether on motion of a party or on the court's own motion, requires notice "so as to allow the parties reasonable time for

preparation." In view of the contrary interpretation set forth in the majority opinion, I recommend that Rule 330(b) be amended so as to eliminate the comma after the words "either party."

Since the present punctuation does not hinder my interpretation of the Rule as presently requiring notice to the defendant of the advanced setting, I would hold the trial court's setting and judgment in this case to be in violation of Rule 330(b).

In any event, there can be no doubt that the trial court violated that portion of Rule 330(f) which provides that these earlier settings, whether on the motion of either party or on the court's own motion, should be "at a time so as to allow the parties reasonable time for preparation." That portion of the Rule has been held to be mandatory. TEIA v. Yother, 306 S.W.2d 730 (Tex.Civ.App.1957, writ ref. n. r. e.).[6] The majority opinion does not deal with that requirement or explain how it was met by a setting within less than an hour and without notice. Less than an hour is hardly time for a lawyer officing at Hereford (31 miles away) to get himself and his witnesses to Canyon for the trial, even if notice of the setting had been in some manner "leaked" to him.

Actually, there was no way for notice to get to defendant's counsel, except from the trial judge or plaintiff's counsel, because they were the only ones who knew about the hurried-up setting. The record before us shows without dispute that the district clerk did not know about it; no setting was ever noted on the court's docket sheet; and it was not on the court reporter's typed list of cases which were actually set by the court on January 7. The trial court's explanation for that (on the relator's motion for new trial) was "the case doesn't appear on the list here, because anybody knows it takes a little while to get things out, and this matter was already dis-

---

6. See McDonald's Texas Civil Practice § 10.-27 and Note 11, which reads in part: "Provision for setting contested cases 'at any time' is mandatory only in sense setting must be for date allowing parties, after notice, reasonable time to prepare for trial."

posed of before the list of settings was drawn up . . . . "

In this respect, there is not much difference between no setting at all in Freeman v. Freeman, *supra,* and the setting without notice and without allowing a reasonable time for preparation in the present case. Both were in violation of mandatory provisions of Rule 330(b). Although the position of the parties was somewhat different in *Freeman,* the situation is analogous in that one of the vices which caused the Court to hold the judgment void in *Freeman* was the lack of a setting as required by Rule 330(b). In that case, this Court said:

"  . . .   Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority. . . . Our Rules of Procedure have the same force and effect as statutes. If a statute had provided that all contested cases should, on appearance day, be set for trial and that no default judgment could be rendered in such a case until the day of its setting, we would not hesitate to declare void a judgment rendered in violation of the statute. That, in effect, is what Rule 330(b) provides. It is the purpose of the Rule to provide a party to a contested case with his day in court. By way of precedent, we have declared void a judgment of injunction rendered without the filing of a bond as required by Rule 684, Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303. . . ."

It has been the policy of this Court to accept and exercise our mandamus jurisdiction in cases involving direct attacks on void or invalid judgments of district courts and to grant conditional writs requiring that they be expunged or set aside. See Dikeman v. Snell, 490 S.W.2d 183 (Tex. 1973); Universal Underwriters Insurance Co. v. Ferguson, 471 S.W.2d 28 (Tex. 1971); McHone v. Gibbs, 469 S.W.2d 789 (Tex.1971); and cases cited in those opinions. The remedy is especially appropriate where there is no other remedy "equally convenient, beneficial, and effective as mandamus." Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926); G. C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897 (1919).

Obviously, the defendant in this case is left without any equally effective remedy. I would conditionally grant the writ of mandamus, ordering the judgment of January 7, 1974, to be set aside.

In view of the broad holding of the majority that the Texas Rules of Civil Procedure as promulgated by this Court do not now require notice to all parties of trial settings made by district courts upon the request or motion of an adverse party, I recommend that this Court initiate a study of rule changes which will provide for (1) a uniform system of reasonable notice of all trial settings, and (2) a more adequate remedy than bill of review to set aside a judgment and restore the case to the docket when it has been set and tried without notice to an adverse party. See analogous amendment to Rule 165a, effective February 1, 1973, with respect to reinstatement of cases dismissed without notice, and Rule 60, Federal Rules of Civil Procedure.

McGEE, DENTON and SAM D. JOHNSON, JJ., join in this dissent.

## ON MOTION FOR REHEARING

WALKER, Justice.

The opinion on motion for rehearing delivered on November 27, 1974, is withdrawn, and the following is substituted therefor:

In Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, we said that Rules 245, 246 and 247 govern the setting and trial of cases in district courts with non-continuous terms. This was reiterated in a footnote to the original opinion in the present case, where it was pointed out that all

district courts in Texas now have continuous terms and are governed by Rule 330. The footnote further states that Rules 245, 246 and 247 continue to apply in county courts. Upon further consideration of the matter we have concluded that Rule 246 and perhaps some or all the provisions of Rule 247 also apply in district courts. Rule 246 was not involved in *Freeman,* and in our opinion the practice prescribed thereby is not inconsistent with the special practice and procedure prescribed by Rule 330. See Rule 331. We adhere to the view that Rule 245 has no application to district courts, which are governed by Rule 330, but continues to apply in county courts. Since Rule 247 is not involved in the present case, we do not attempt to decide whether and to what extent it must yield to the provisions of Rule 330.

■ Defendant's motion for rehearing convinces us that our original opinion should have dealt in more detail with the facts disclosed by the record and with the considerations that led to a denial of relief in this proceeding. It is contended that due process required that defendant be given formal notice of the trial setting and an opportunity thereafter to prepare for trial. Where, as here, there is no statute or rule to the contrary, parties over whom the court has properly obtained jurisdiction are expected to keep themselves informed of the time a case is set for trial and are not entitled to notice of the trial other than the setting of the case on the docket. See Mackay v. Charles W. Sexton Co., Tex.Civ.App., 469 S.W.2d 441 (no writ); Cage v. Cage, 5th Cir., 74 F.2d 377; Wetzel v. Birmingham Electric Co., 250 Ala. 267, 33 So.2d 882; Savage v. Stokes, 54 Idaho 109, 28 P.2d 900; Rubbelke v. Aebli, Mo., 340 S.W.2d 747; Johnson v. Bearden Plumbing & Heating Co., 170 Okl. 63, 38 P.2d 500; 53 Am.Jur., Trial § 10; 88 C.J.S. Trial § 11. The rationale of this rule has been recognized in Texas for many years. Jordan v. Corley, 42 Tex. 284, and other cases cited in original opinion.

Defendant was entitled, of course, to a reasonable opportunity to learn of the trial setting, and this it had. It was charged with notice of the regular call of the docket on January 7, 1974, and a statement by the trial court judge during the hearing on the motion for new trial indicates that the firm representing defendant, or at least its older members, had been familiar for many years with the practice of the court to hold docket call on the first day of the term. It also appears that a formal written reminder of the January, 1974, docket call was mailed to a member of the firm several months in advance.

There are seven members in the firm, and their offices are located in Hereford, Texas, which is about 31 miles from Canyon, the county seat of Randall County. The attorney of record for defendant was in his office all day of January 7. According to his testimony, he could have driven to Canyon in approximately 30 minutes at that time. A lawyer practicing with the firm, either a partner or an associate, was in the Randall County Courthouse attending a call of the county court criminal docket during the time the docket of the 47th District Court was being called. He testified that he had discussed his criminal cases with the district attorney prior to the call of the county court docket and that he could have been in the 47th District Court if he had known the docket was being called there.

Defendant had an ample opportunity to prepare for trial between the filing of the suit on August 3, 1973, and the trial on January 7, 1974. If defendant or its counsel had attended the docket call, time would doubtless have been allowed to arrange for the attendance of any witnesses needed at the trial. Defendant was not entitled to any additional time to otherwise prepare the case after it was placed on the trial calendar.

■ Defendant apparently assumes that formal notice of the setting would

have been required and that the result of this mandamus proceeding would have been different if the case were governed by Rule 245. That is not correct. Rule 245 directs the trial court to provide by local rule for placing actions on the trial calendar without request of the parties *or* upon request of a party and notice to other parties *or* in such other manner as the court deems expedient. A court governed by Rule 245 might properly promulgate a local rule providing for a regular call of the docket the first day of each term. The local rules of the 47th Judicial District Court were promulgated under the provisions of Rule 817. Regardless of whether the case is governed by Rule 245 or by Rule 330(b), it was incumbent upon defendant or its counsel either to attend the docket call or arrange for the clerk to notify them of the date of the setting by submitting to the clerk a request by mail accompanied by a return envelope properly stamped and addressed as provided in Rule 246. · They did neither. According to the testimony of the clerk, it was her custom to comply with such a request when made. This is not to say that the course of events would necessarily have been different if the request had been made, because the clerk did not know of the setting or the trial. The record does not disclose whether the request would have come to the attention of the trial court.

Even though the interpretation of Rule 330(b) does turn on punctuation, it is clear that the rule as written does not require formal notice of the date of trial except where the case is set on the court's own motion. It is equally clear that this Court has the power to say that the rule requires formal notice when a case is set at a regular call of the docket, but there are policy considerations that persuade us not to do so.

▇▇▇▇▇ Under the provisions of Rule 329b, a judgment becomes final upon the expiration of 30 days from the rendition of judgment or order overruling a timely filed motion for new trial. After the ex-

piration of that period, "the judgment cannot be set aside except by bill of review for sufficient cause." The filing of the motion for new trial in the present case more than 10 days and less than 30 days after rendition of judgment did not operate to extend the trial court's power to modify or change the judgment beyond the period of 30 days after the date of its rendition. It has accordingly been held repeatedly that a trial judge has no power to set aside a final judgment more than 30 days after the date of its rendition. Deen v. Kirk, Tex.Sup., 508 S.W.2d 70; Universal Underwriters Ins. Co. v. Ferguson, Tex.Sup., 471 S.W.2d 28; McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706.

Our decision in Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905, was on facts essentially similar to those of the present case. The trial court, which was governed by the Special Practice Act, entered a judgment purporting to be one by default against a defendant that had filed an answer but had no notice of the setting. A motion for new trial was filed by the defendant, and was granted by the district court, more than 30 days after rendition of the judgment. This Court held: (1) that it was beyond the power of the district court to set aside the judgment more than 30 days after its rendition; and (2) that the defendant's only remedy was by bill of review. A writ of mandamus was accordingly issued directing the district judge to vacate the order granting a new trial.

Unless the judgment here is void, defendant can obtain no relief in this mandamus proceeding. If a writ of mandamus should now issue directing Judge Jordan to set aside a judgment that is merely erroneous but not void, we would be ordering him to do that which he has no power to do. Defendant's right to relief in this proceeding thus turns on whether the judgment is void. We have never issued a writ of mandamus ordering a trial judge to set aside a final judgment that was voidable but not void at a time when the judge had

no power to do so under the rules. The judgments under attack in Dikeman v. Snell, Tex.Sup., 490 S.W.2d 183; Universal Underwriters Ins. Co. v. Ferguson, Tex.Sup., 471 S.W.2d 28; McHone v. Gibbs, Tex.Sup., 469 S.W.2d 789; and Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, were each held to be void. Interlocutory orders and not final judgments were involved in State v. Sewell, Tex.Sup., 487 S.W.2d 716; Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W.2d 565; Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677; and Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434.

■ Public policy requires that judicial transactions be invested with the utmost permanence consistent with justice. Considerations of justice must be weighed then against the importance of maintaining the integrity of judgments as solemn records upon which valuable rights rest. A litigant should be provided some remedy to gain relief from an unjust judgment, but the judicial system cannot afford the luxury of ordering new trials for purposes of delay.

■ If the judgment in the present case is void, it will still be void 20 or 50 years hence. This does not mean that the judgment would be subject to collateral attack, because the facts upon which relator relies can be shown only by evidence outside the record. It would mean that any judgment heretofore rendered in a court governed by Rule 330(b) or the Special Practice Act, even a judgment involving title to land or other valuable rights, would be subject to direct attack by motion in the trial court and mandamus proceeding in this Court and must be set aside if the movant can establish that he was not notified of the trial date. That result would be required even though the judgment were not unjust. In our opinion a holding that would impair the integrity of judgments to that extent cannot be justified where there is another remedy that will prevent injustice in particular

cases without at the same time permitting formal judgments to be lightly overthrown.

The evidence concerning relator's alleged defense and counterclaim was not fully developed at the hearing on the motion for new trial. When counsel for relator began going into the matter, an objection was made and sustained. The trial court stated that he was assuming counsel thought he had a good defense. Defendant's vice-president did testify to a conversation he had with counsel for plaintiff in June before this suit was filed in September. The witness recalled having told the attorney that by July 15th he either would have the money to pay off the indebtedness involved in the present case or would be able to make a substantial payment and have a plan to pay the balance. This suggests that defendant's amended answer and counterclaim may have been filed as a matter of settlement strategy or to gain more time. During oral argument of the case here, counsel for defendant was asked from the bench what defense defendant had to the suit. There was no reply. It cannot be said with any degree of certainty, therefore, that the judgment in the present case is unjust or that the effort to set it aside in this mandamus proceeding is for any purpose other than delay or to obtain an opportunity to make an advantageous settlement.

Be all that as it may, if defendant was not at fault and had a meritorious defense or a legitimate compulsory counterclaim, it may obtain relief by bill of review. See Petro-Chemical Transport Inc. v. Carroll, Tex.Sup., 514 S.W.2d 240. In the event defendant establishes its right to a bill of review and is denied that relief in the trial court, it will be entitled to appeal from the judgment in the bill of review proceeding. In our opinion due regard for the judicial system and the sound administration of justice requires that defendant be required to pursue that remedy rather than set the judgment aside in this mandamus proceeding without any inquiry as to whether it was at fault or had a meri-

torious defense. If any other remedy is required, it should be provided by amendment to the Rules of Civil Procedure, possibly along the lines of our Rule 165a or Federal Rule 60.

We are not to be understood as expressing an opinion on any question of fault or concerning the merits of the asserted defense or counterclaim. The motion for rehearing is overruled. No further motion for rehearing will be entertained.

McGEE, DENTON, DANIEL and SAM D. JOHNSON dissent for the reasons stated in the dissenting opinion filed by DANIEL, J., on October 30, 1974.