Betty Jean VAUTRAIN, Appellant,

v.

**Robert T. STITES, a Professional
Corporation, Appellee.**

No. 2–83–146–CV.

Court of Appeals of Texas,
Fort Worth.

May 3, 1984.
Rehearing Denied May 31, 1984.

Charles Hineman, Austin, Law Offices of George J. Petrovich, Jr., and Jerome A. Styrsky, Fort Worth, for appellant.

Barlow, Gardner, Tucker & Garsek and James B. Barlow and Dwayne Hoover, Cantey, Hanger, Gooch, Munn & Collins and G. Dennis Sheehan, Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and ASHWORTH, JJ.

OPINION

HUGHES, Justice.

Betty Jean Vautrain has appealed the judgment rendered against her and in favor of Robert T. Stites, a Professional Corporation. The judgment was in the total sum of $20,738.76, of which $9,261.33 was for legal services rendered by Stites in Mrs. Vautrain's first divorce trial and $10,-750.00 in attorneys' fees (of which $6,000.00 was contingent on appeals of the judgment). Stites Corporation has one attorney representing it as plaintiff and another attorney in its capacity as a cross-defendant (and did in the trial).

We reverse and remand.

Robert Stites represented Mrs. Vautrain in the appeal of her first divorce trial after other counsel had finished the trial phase and a judgment was rendered thereon. After a partial new trial was granted on property issues, retrial was had on such matters; a second judgment was rendered. Mr. Stites and Mrs. Vautrain then terminated their attorney-client status. This second judgment was appealed successfully by new counsel and the cause was remanded for yet another retrial.

Mrs. Vautrain answered the Stites Corporation's petition and counterclaimed with allegations of negligence in Mr. Stites' handling of her suit, misrepresentations, failure of consideration and deceptive trade practices.

A special setting of the cause on May 16, 1983 was continued, based on what was labelled a "Second Motion for Continuance" filed by Mrs. Vautrain's attorney, Charles M. Hineman. This motion was granted on May 12, 1983. A letter dated May 13, 1983 from the attorney for Stites, *the cross-defendant,* requested a special setting in the cause for July 25, 1983 and cited a conversation with the trial judge on May 12, 1983 about such resetting. Appearing in the left hand margin of the letter was a handwritten notation "Special Setting OK. M.D.S."

On May 18, the attorney for Stites Corporation, *the plaintiff*, went to the trial judge and persuaded him to reset the jury trial to May 23. The judge prepared a letter to notify all counsel of such May 23 setting. Mrs. Vautrain's lawyer was also notified by phone on May 18 of the May 23 setting. A "Third Motion for Continuance" was filed on May 23 alleging improper notice, conflicting criminal settings and the agreement with the lawyer for Stites Corporation, *the cross-defendant*, for the July 25 setting.

When the "Third Motion" was overruled, Mr. Hineman excused himself and the case went to trial without him or without anyone else representing Mrs. Vautrain. On motion of counsel for the Stites Corporation, *the plaintiff*, (TEX.R.CIV.P. 220), the cause was removed from the jury docket. Testimony was presented for the Stites Corporation and the trial court granted a judgment in favor of it for damages, attorneys' fees and costs of court.

Stites Corporation asserts that the Vautrain "Third" motion for continuance was really a "Fifth" motion and that, in effect, Mrs. Vautrain's counsel had been dilatory in keeping the case from going to trial. It is also Stites Corporation's contention that the continuance granted on the May 16 setting was on the basis that Mr. Hineman had to testify at the trial of Donald B. Yarbrough in Austin. Further, it is contended, that since the Yarbrough case was postponed, the Stites matter was still on the docket under the same notice as for the May 16 setting and that another ten day notice of setting was not required. Mrs. Vautrain asserts that she was granted a continuance from the May 16 date, that upon the motion of the Stites Corporation, *the cross-defendant*, it was reset to a date certain: July 25; that her counsel relied upon the resetting and prepared for five other cases he had set for the next week (May 23); and that she was entitled to a ten day notice of the May 23 setting.

This case is obviously complicated by reason of the Stites Corporation having one lawyer representing it in its capacity as *a plaintiff*, another lawyer representing it as a *cross-defendant*. This brings to mind an old saying: "Never let your left hand know what your right hand is doing." Stites Corporation seems to have followed this rule in this case with its lawyers going diverse ways on their settings. Should Mrs. Vautrain be penalized because the Stites Corporation lawyers cannot get their act together? We say "no". A lawyer of the Stites Corporation requested and obtained a preferential setting for July 25 upon which counsel for Mrs. Vautrain was entitled to rely. We deem it inequitable for the same Stites Corporation, although it be through another of its lawyers, to force the matter to trial on a five day notice. In short, we hold such notice to be inadequate under the circumstances of this case—even if we assumed that the attorney for the defendant and cross-plaintiff had been "dragging his feet" about going to trial.

TEX.R.CIV.P. 245 provides that contested cases may be set on motion of any party or on the court's own motion "with reasonable notice of *not less than 10 days* to the parties, or *by agreement of the parties.*" (Emphasis ours). As we view it, the Stites Corporation had, indeed, already agreed to a setting for July 25. We have nothing before us where such corporation has disavowed or denied its being represented by the lawyer who wrote the letter stating such agreement. The trial judge approved the later setting before making the earlier setting. It is obvious from the history of Rule 245 and its amending after the case of *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex.1974), that it was intended by such amendment to eliminate in the future such harsh results as were brought about in the *Plains Growers* case.

We sustain point of error one which asserted error of the trial court in not giving a ten day notice of the May 23 setting. The rule requiring ten days notice *was* disregarded in this case and Mrs. Vautrain should not have been required to prepare for trial in a shorter period. *Jackson v. Napier*, 307 S.W.2d 833 (Tex.Civ.App.— Fort Worth 1957, no writ). Having sus-

tained point of error one which will remand this cause for trial, we find it unnecessary to rule upon the other points of error, all of which we have considered.

Reversed and remanded.